**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-2807

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DAVID LAYNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-93-41-ALL)
_____
(January 11, 1995)

Before JONES and STEWART, Circuit Judges, and DUPLANTIER[*], District Judge.

CARL E. STEWART, Circuit Judge:

John David Layne appeals his conviction under 18 U.S.C. § 2252(a)(4)(B), for possession of child pornography.  For the following reasons, his conviction is affirmed.

BACKGROUND

On February 26, 1992, officers of the Harris County Sheriff's Department executed a search warrant at John Layne's residence in Houston, Texas.  During the execution of the warrant, they seized a large amount of pornography including one magazine portraying a woman dressed as a child wearing pigtails and rollers skates and a

_____

[*]    District Judge of the Eastern District of Louisiana, sitting by designation.

second magazine entitled "Chicken," which contained depictions of minor children engaged in sexual conduct.

When Detective Roger Wedgeworth asked Layne whether he had any other pornography, Layne allegedly responded that he had some old European-type pornography in a storage facility in Rosenberg, Texas. Based on his training and experience, Detective Wedgeworth understood that the term "European pornography" referred to child pornography. Detective Wedgeworth obtained and executed a search warrant for the storage unit and seized 40 magazines which visually depicted minor children engaged in sexually explicit conduct.

Layne was indicted for one count of knowingly possessing three or more magazines that had travelled in interstate commerce and which depict minors in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). After a jury trial he was found guilty and sentenced to 37 months of imprisonment to run concurrently with a sentence imposed by a state court, and to a two-year term of supervised release.

DISCUSSION

Sufficiency of the Evidence Argument

Layne contends that there was insufficient evidence to convict him. It is the jury's "unique role" to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony. United States v. Higdon, 832 F.2d 312, 315 (5th Cir. 1987), cert. denied, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988). Our resulting narrow standard of review for sufficiency of the evidence challenges "gives full

2

play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

A sufficiency of the evidence challenge fails if a rational trier of fact could have found that the Government proved the essential elements of the crime charged beyond a reasonable doubt. United States v. Webster, 960 F.2d 1301, 1307-08 (5th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 355, 121 L.Ed.2d 269 (1992). Toward that end, "[w]e must view the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury." United States v. Carrasco, 830 F.2d 41, 43 (5th Cir. 1987) (footnote omitted). Moreover, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. . . . A jury is free to choose among reasonable constructions of the evidence." United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982), aff'd, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). Finally, "our review remains the same whether the evidence is direct or circumstantial." United States v. Cardenas, 9 F.3d 1139, 1156 (5th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2150, 128 L.Ed.2d 876 (1994).

Possession of child pornography was criminalized by 18 U.S.C. § 2252(a)(4)(B), which became effective in 1990. The statute provides that a person commits an offense if he:

3

> (B) knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--
>
> (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> (ii) such visual depiction is of such conduct.

Possession may be actual or constructive. United States v. Smith, 930 F.2d 1081, 1085 (5th Cir. 1991). "Constructive possession is the knowing exercise of, or the power or right to exercise dominion or control over the item at issue . . . ." United States v. Perez, 897 F.2d 751, 754 (5th Cir.), cert. denied, 498 U.S. 865, 111 S.Ct. 177 (1990). Constructive possession can be ownership, dominion or control over an item or control over the premises in which the item is concealed. United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992).

The uncontroverted evidence at trial was that Layne was in possession of three or more magazines that had travelled in interstate commerce and which visually depicted minors engaged in sexually explicit conduct. Forty magazines which depicted minors engaged in explicit sexual conduct were seized at Layne's storage unit. Layne was the sole lessee of the unit and he, not the lessor, controlled the key to it. Layne made continuous lease payments for the unit from the beginning of the lease in 1984 to the execution of the search warrant in March 1992. Layne

4

eventually stipulated that more than three of these magazines had travelled in interstate commerce. Moreover, Layne did not dispute at trial that the magazines photos depicted persons under the age of 18 engaged in sexually explicit conduct.

At trial, Layne's wife testified that Layne had the only key to the storage unit and that he had possession of the contents until a divorce decree gave her possession of the material in the storage unit. The custodian for the storage locker stated that Layne was the only person who could access the storage unit. Thus, Layne had possession of the magazines, and the only remaining issue is whether Layne knowingly possessed the magazines.

Officer Bill Wedgeworth testified that Layne had told him that he had some European pornography at the storage facility. He also stated that European pornography was a euphemism for child pornography. Also admitted at trial, but not charged in the indictment, were the two magazines seized in Layne's home. One magazine included depictions of minors engaged in sexually explicit conduct and the other a depiction of a woman dressed as a minor engaged in sexually explicit conduct. These two magazines were admitted for the express purpose of proving that Layne knowingly possessed child pornography in the storage facility. This evidence provided a reasonable basis for the jury to find that Layne knew that the magazines in the storage unit were visual depictions of minors and that he had an interest in child pornography. The magazines and Layne's statement that he had European pornography in the storage unit provided a reasonable basis for the jury to

5

conclude that Layne knowingly possessed visual depictions of minors engaged in explicit sexual conduct in violation of the statute. We therefore find this contention to be without merit.

Ex Post Facto Clause Violation Argument

Layne contends that his prosecution under 18 U.S.C. § 2254 violated the Ex Post Facto Clause of the United States Constitution.[1] The Ex Post Facto Clause of the Constitution is violated if a law: (1) punishes as a crime an act previously committed which was innocent when done; (2) makes more burdensome the punishment for a crime after its commission or (3) deprives one charged with a crime of any defense available according to the law at the time when the act was committed. Collins v. Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990). The provisions of 18 U.S.C. § 2252(a)(4)(B) became effective on November 29, 1990. Layne argues that since the government did not put on any evidence about whether the magazines had been transported in interstate commerce after 1990, he was prosecuted for conduct undertaken before the effective date of the statute. We disagree.

In United States v. D'Angelo, 819 F.2d 1062 (11th Cir. 1987), the defendant had been convicted of being a felon in possession of a weapon that had travelled in interstate commerce in violation of then 18 U.S.C. § 1202(a)(1)(now 18 U.S.C. § 922(a)(1)). The

_____

[1]U.S. Const. Art. I, § 9, cl. 3 states:

> No Bill of Attainder or ex post facto Law shall be passed.

6

defendant argued that his conviction was void under the constitutional prohibition against ex post facto laws because the government failed to prove that his firearm had been transported in interstate commerce and that it came into his possession subsequent to the effective date of section 1202(a). The Eleventh Circuit Court of Appeal rejected this argument. It held that proof of possession after the effective date of the statute of a weapon that had travelled in interstate commerce was sufficient to sustain a conviction regardless of whether the weapon had travelled in interstate commerce after the effective date of the statute. Id. at 1065-66. The Court also stated that possession is a continuing offense, and the evidence showed that the defendant was in possession of the firearm after the effective date of the statute. Id. at 1066.

In United States v. Gillies, 851 F.2d 492 (1st Cir. 1988), cert. denied, 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988), the defendant had been convicted of being a felon in possession of a firearm that had travelled in interstate commerce in violation of 18 U.S.C. § 922(a)(1). He argued that the gun had probably travelled in interstate commerce before the enactment of the statute and therefore his conviction violated the Ex Post Facto Clause of the Constitution. The Court rejected the argument, stating that the interstate commerce language in the statute describes what kind of gun felons may not possess and that the act that the law forbids is possession of this firearm after the effective date of the statute. Id. at 495.

7

Similarly, in this case, 18 U.S.C. § 2252(a)(4)(B) forbids the possession after the effective date of the statute of child pornography that has travelled in interstate commerce. The government put on evidence showing that Layne had possessed the material after the effective date of the statute. Therefore, like in Gillies and D'Angelo, Layne's conviction for continuing to possess these magazines after the effective date of the statute does not violate the Ex Post Facto Clause of the Constitution. See also, United States v. Brady, 26 F.3d 282, 291 (2d Cir. 1994) (holding that no violation of the ex post facto clause occurred when the defendant had adequate notice about what conduct is criminally proscribed.

Overly Broad Search Warrants Argument

Layne contends that the search warrants were unconstitutionally overly broad in describing the items to be searched for and seized. The Fourth Amendment prohibits general warrants authorizing officials to rummage through a person's possessions looking for any evidence of a crime. United States v. Peden, 891 F.2d 514, 517 (5th Cir. 1989). A warrant must particularly describe the place to be searched and the person or things to be seized. United States v. Beaumont, 972 F.2d 553, 560 (5th Cir. 1992), cert. denied, ___U.S.___, 113 S.Ct. 2384, 123 L.Ed. 450 (1993). To test whether the particularity requirement is satisfied requires the court to "ask if the description in the warrant would permit an executing officer to reasonably know what items are to be seized." Id. at 560. This test for particularity may be made with

8

supporting affidavits, if the warrant expressly refers to the affidavits.  Id. at 560-61.  However, in circumstances where detailed particularity is impossible, generic language, if it particularizes the types of items to be seized, would be permissible.  United States v. Webster, 734 F.2d 1048, 1055 (5th Cir. 1984), cert. denied sub nom, Hoskins v. United States, 469 U.S. 1073, 105 S.Ct. 565 83 L.Ed.2d 506 (1984).

In regards to the first search warrant issued for the search of Layne's home, the warrant allowed the seizure of "assorted pornographic videotapes; assorted pornographic magazines; assorted devices."  In the affidavits explicitly referred to in the warrant, Officer Taber stated that Layne's adopted children had told him that Layne had showed them the pornographic material while he sexually assaulted them.  The second warrant sought the search and seizure of "Child pornography; records of victims; drawings; pictures; computer disks, sexual devices; videotapes; child abuse books; magazines; audiotapes; and any other obscene or child pornographic material."

The first warrant was sufficiently particular to limit the officers' discretion.  This warrant was executed to search for evidence of the alleged sexual assaults on Layne's children.  The officers relied on the best information which had been provided to them by the children to specify what they would be searching for. Under these circumstances, the information in the warrant was sufficiently particular to limit the officers' discretion.

9

We note that in cases where warrants seek to seize material presumptively protected by the First Amendment, the Supreme Court has required that the warrant particularly describe the material to be seized. Marcus v. Search Warrant, 367 U.S. 717, 732, 81 S.Ct. 1708, 1716, 6 L.Ed.2d 1127 (1961). However, this level of particularity is required only in those cases where in the particular setting, First Amendment rights are implicated. See United v. Apker, 705 F.2d 293, 301 (8th Cir. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 986, 79 L.Ed.2d 229 (1984); United States v. Aquilar, 883 F.2d 662 (9th Cir. 1989), cert. denied, 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991). The Supreme Court has held that First Amendment rights in searches are implicated where there is a danger of prior restraint. Maryland v. Macon, 472 U.S. 463, 470, 105 S.Ct. 2778, 2783, 86 L.Ed.2d 370 (1985).

In this case, we find that no First Amendment rights are implicated by this search. The first warrant was issued to seize evidence corroborating a victim's testimony. It was not issued because of the ideas contained in the material. See Stanford v. Texas, 379 U.S. 476, 485 n.16, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965)(holding that books not seized for their ideas would be indistinguishable from any other goods). Thus, the particularity required by Marcus is not warranted in this case.

The second warrant is also sufficiently particular to withstand Layne's attack. In United States v. Hurt, 808 F.2d 707 (9th Cir.), cert. denied, 484 U.S. 816, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987), the Ninth Circuit Court of Appeals found that a search

10

warrant which authorized the search of material depicting children under the age of 16 engaged in sexually explicit conduct" to be particular enough to limit an officer's discretion. 808 F.2d at 708. The term "child pornography" as used in the search warrant in the case sub judice is similar to the warrant in Hurt. Police officers executing either warrant would be sufficiently guided in their discretion to know what items could be seized. The words "need no expert training or experience to clarify their meaning." Id. We therefore find this contention to be without merit.

Passive Acts Argument

Layne also contends that he is being convicted of a purely passive act in violation of the Due Process Clause. He claims that unless the government can prove that he placed the magazines into storage after the date that the statute became effective, he is being punished for a passive crime about which he had no notice. Prosecution of a citizen who is unaware of any wrongdoing, for "wholly passive conduct" violates the Due Process Clause. Lambert v. California, 355 U.S. 225, 228-30 18 S.Ct. 240, 2 L.Ed.2d 228 (1957).

In United States v. Singleton, 946 F.2d 23, 27 (5th Cir. 1991), cert denied ___ U.S. ___, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992), this Court held that knowing possession of a firearm satisfies Lambert's mens rea requirement. In this case, only Layne could be convicted under 18 U.S.C. § 2252(a)(4)(B), if he knowingly possessed child pornography. Thus, like in Singleton, knowing

11

possession of illegal material is not a passive crime. Layne's argument is without merit.

Extrinsic Evidence Argument

Layne contends that the district court erred in admitting extrinsic evidence in the form of two pornographic magazines found in Layne's home. Under Fed. R. Evid. 404(b), evidence of other crimes, wrongs or acts cannot be used to show that the defendant acted in conformity therewith. Such evidence is admissible where relevant to show intent knowledge, plan, motive, identity and absence of mistake. Id. Prior to admitting extrinsic evidence, the district court must conduct a two-part test and determine: (1) whether the extrinsic evidence is relevant to an issue other than the defendant's character; and (2) if so whether the probative value of the evidence is not substantially outweighed by its undue prejudice. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978), cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

One of the exhibits featured a woman dressed up as a child wearing pigtails and roller skates, which was referred to by the district court as "simulated child pornography." The other exhibit was a magazine entitled "Chicken" which contained depictions of minor children engaged in sexual conduct. Neither item was charged in the indictment. Both of these items were found in Layne's home. In a thoughtful analysis, the district court found that these two items were relevant to showing that Layne had a knowing interest in the child pornography. The court also excluded evidence of adult

12

pornography found in Layne's home that the prosecution sought to introduce for the same purposes.

We find no error in the district court's decision to admit this extrinsic evidence. In <u>United States v. Garot</u>, 801 F.2d 1241 (10th Cir. 1986), the defendants had been convicted of knowingly receiving child pornography. At trial, the prosecution successfully introduced evidence of child pornography found in the defendant's home. On appeal, the Tenth Circuit affirmed the district court's admission of the extrinsic evidence. <u>Id.</u> at 1247. Initially, it noted that the district court had determined that the evidence was more probative than prejudicial. <u>Id.</u> It then stated that child pornography was essential to the prosecution to prove the scienter of the crime. <u>Id.</u> The Court also noted that the district court had scrutinized the evidence carefully and refused to admit all of the evidence that was offered and that the court gave an appropriate limiting instruction. <u>Id.</u>

Similarly, in this case, the district court found that the evidence was more probative than prejudicial. The court also found that the evidence of the two magazines was necessary for the prosecution to prove the knowledge requirement of 18 U.S.C. § 2252. The district court in this case also carefully scrutinized the evidence and admitted only a small part of the evidence offered. The district court also gave an appropriate limiting instruction. Therefore, like in <u>Garot</u>, we find no error in the district court's decision to admit the extrinsic evidence.

<u>Prejudicial Remarks Evidence</u>

13

Layne contends that the district court erred in its refusal to grant a mistrial because: (1) Officer Taber testified that he was with a child abuse unit when he executed the warrants. (2) The custodian of the storage units mentioned that she had a copy of temporary orders in connection with the Laynes' divorce. A district court's refusal to grant a mistrial will be reversed only for an abuse of discretion. United States v. Limones, 8 F.3d 1004 (5th Cir. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1562, 128 L.Ed.2d 209 (1994). Where, as here, the motion for a mistrial involves the presentation of prejudicial testimony before the jury, "a new trial is required only if there is a significant possibility' that the prejudicial evidence had a 'substantial impact' upon the jury verdict, viewed in light of the entire record. Id. at 1007.

At trial, Officer Taber mentioned that he was assigned to the child abuse unit at the time that he participated in the execution of a search warrant at Laynes' home. This statement was mentioned at the very beginning of testimony. It was never mentioned again nor was any reference to child abuse made to the jury. We find no error in the district court's decision not to grant a mistrial.

The second remark occurred when Patricia Nyegaard, the custodian of the storage facility, was asked whether anyone else had access to Layne's storage unit and she mentioned temporary orders she had on file from the Layne's divorce. We do not see how Layne was prejudiced by the remark, and Layne has not shown how he

14

was prejudiced by the remark. We find no error in the district court decision not to grant a mistrial.

Layne argues the cumulative effects of these remarks should give cause for a mistrial. None of the remarks were intentionally made and they bear no relationship to each other, indicating a cumulative effect. The fleeting nature of the remarks and the considerable restraints that the district court exercised over the testimony convinces us that the district court did not err in refusing to grant a mistrial because of the cumulative effect of these remarks.

Unconstitutionality of the Statute Argument

Layne contends that 18 U.S.C. § 2252 is unconstitutional on its face because the statute does not require the offender to know of the minority of the performers as an element of the crime. Layne has admitted that he did not raise this argument in the district court; therefore this argument is waived. See United States v. Burian, 19 F.3d 188, 190 n.2 (5th Cir. 1994). Moreover, the Supreme Court has held that the use of the term knowingly in the statute extends to knowledge of the minority of the performer. United States v. X-Citement Video, Inc., 115 S.Ct. 464, 472 (1994). Thus, this contention would be without merit even if it had not been waived.

CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

15