IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20203
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL GUEVARA-TORRES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-94-225-1
- - - - - - - - - -
May 3, 1996

Before KING, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Fidel Guevara-Torres appeals his convictions and sentences for conspiracy to possess with intent to distribute, aiding and abetting in the possession with intent to distribute, conspiracy to import, and aiding and abetting the importation of, more than five kilograms of cocaine. He contends that the evidence was insufficient to convict him. He also contends that the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Government relied on the testimony of one of his coconspirators and that the testimony was unreliable.

We have reviewed the record and the briefs of the parties and hold that the evidence was sufficient for a reasonable jury to find Guevara-Torres guilty beyond a reasonable doubt. United States v. Velgar-Vivero, 8 F.3d 236, 239 (5th Cir. 1993) (citation omitted), cert. denied, 114 S. Ct. 1865, 2715 (1994). Even uncorroborated testimony of a coconspirator who entered a plea agreement with the Government is sufficient to support a conviction provided that the "testimony is not incredible or insubstantial on its face." United States v. Singer, 970 F.2d 1414, 1419 (5th Cir. 1992); United States v. Osum, 943 F.2d 1394, 1405 (5th Cir. 1991). The jury determines the credibility of witnesses. United States v. Layne, 43 F.3d 127, 130 (5th Cir.), cert. denied, 115 S. Ct. 1722 (1995).

AFFIRMED.