IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-50399

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER RODRIQUEZ VILLASENOR,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

December 19, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Police officers discovered four pictures of a nude, minor female during a consent search of Villasenor's home on July 30, 1998. The girl in the photographs was a young girl suspected, along with another girl, of stealing a Nintendo game set from Villasenor's home. Villasenor called the police about the theft, but he decided not to seek to have the girls prosecuted. The officer who investigated the theft found the two girls, and he decided to ask Villasenor about his possession of child pornography after talking to the girls. During the consent search, officers

discovered a photograph of a nude adult woman and a Polaroid camera in Villasenor's bedroom.

Officers continued their search. They found what they were looking for in a car in Villasenor's yard: five Polaroid photographs in the glove compartment, four of which were pictures of one of the girls the officer had talked with about the theft of the Nintendo set. The fifth picture was of a man exposing himself, but the subject's face could not be seen in the photograph. The car in which the photos were found belonged to a neighbor.

Villasenor was charged with possession of three or more photographs involving the sexual exploitation of minors, under 18 U.S.C. § 2252(a)(4)(B). At his trial Kimberly Montgomery, the adult woman whose nude photo was found in Villasenor's bedroom, testified that she had seen the girl in the photos in Villasenor's home and had seen the photos passed around among Villasenor's friends in his home. Villasenor stipulated that the camera and film were manufactured elsewhere and shipped in interstate commerce.

Villasenor was convicted and sentenced to 60 months imprisonment to be followed by a three-year term of supervised release. He timely filed a notice of appeal.

I

2

We first ask whether 18 U.S.C. § 2252(a)(4)(B) exceeds the authority of Congress under the Commerce Clause as applied to the simple possession of photographs which have not themselves passed in interstate commerce.

We answer this question negatively in *United States v. Kallestad*, No. 98-51089, ___ F.3d ___ (5th Cir. 2000).[1]

II

We next ask if the evidence is insufficient to sustain a conviction for the possession of sexually explicit depictions of minors.

Villasenor contends that the evidence was insufficient to support his conviction because he did not possess or constructively possess the photos in question. The offense requires proof of knowing possession of the prohibited items. The photos were found in an apparently abandoned car, in Villasenor's yard, that belonged to a neighbor.

Villasenor moved for a judgment of acquittal at the close of the government's case, but he did not renew the motion at the close of the evidence. As a result, his claims based on the sufficiency of the evidence are reviewable for plain error only.[2] Under the plain error standard, a conviction can be reversed only if there

---

[1]Judge Jolly dissented in *Kallestad*.

[2]*See United States v. McCarty*, 36 F.3d 1349, 1358 (5th Cir. 1994).

3

was a "manifest miscarriage of justice," which would occur if there is no evidence of the defendant's guilt or "'the evidence on a key element of the offense was so tenuous that a conviction would be shocking.'"[3]

Constructive possession is "the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found."[4] Constructive possession is sufficient for an offense under § 2252(a)(4)(B).[5]

Villasenor argues that there was insufficient evidence to show that he possessed or constructively possessed the photos because (1) the car in which the photos were found belonged to a neighbor; (2) his son lived in the home with him; (3) other persons visited his home; (4) the girl in the photos is wearing a gang-related t-shirt; and (5) the photos show the girl holding cash, which is inconsistent with the theory developed at trial that Villasenor gave her the Nintendo set in exchange for posing nude.

The government points out that the Polaroid camera was found in Villasenor's locked bedroom and that Villasenor told police only he had a key to the bedroom. The photos of the girl had items in the background that were found in Villasenor's bedroom, which would

---

[3]*Id*. (quoting *United States v. Pierre*, 958 F.2d 1034, 1310 (5th Cir. 1992)(en banc)).

[4]*United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).

[5]*See United States v. Layne*, 43 F.3d 127, 131 (5th Cir. 1995).

4

tend to show that the photos were taken in Villasenor's bedroom. The film contained in the Polaroid when it was found in Villasenor's bedroom had the same lot number as the five photos found in the vehicle in Villasenor's back yard. Among the photos of the girl police found a photo of a man exposing himself, whose belt buckle, necklace, and ring were the same as those worn by Villasenor on the day he was arrested, and the jury was given these items to inspect for comparison with those in the photo. The car in which the photos were found was unlocked, and, although the car and its contents were dirty, the photos were clean. Finally, Kimberly Montgomery, the adult whose nude photo was found in Villasenor's bedroom, had been at a party at Villasenor's home at which the photos of the young girl were passed around among guests.

The evidence was sufficient to prove that Villasenor possessed or constructively possessed the photos of the young girl. We have held that the government failed to prove constructive possession of cocaine for in a car's glove compartment where the car was not the defendant's, and there was no proof he knew the cocaine was in the glove compartment or had ever handled the cocaine.[6] Here, there was evidence that Villasenor had handled the photos. From the evidence presented, the jury could infer that the photos were taken in Villasenor's bedroom, to which only he had a key, and that Villasenor himself was the subject of one of the pictures found.

_____

[6]*United States v. Littrell*, 574 F.2d 828, 834 (5th Cir. 1978).

5

A witness testified that she saw the photos distributed at a party in Villasenor's home.  There was evidence of Villasenor's knowing possession, and that evidence was not so tenuous as to produce a miscarriage of justice.

III

Do two of the four photographs not depict a minor engaging in sexually explicit conduct, so that the evidence is insufficient to support possession of three such depictions as the statute requires?

Despite the parties' disagreement, it is clear that Villasenor must have possessed three or more sexually explicit depictions and that one is not sufficient.  Section 2252(a)(4) was amended October 30, 1998, to make it an offense to possess one sexually explicit depiction of a minor.[7]  However, Villasenor's conduct was completed by July 30, 1998, the date of his arrest, so it is covered by a prior version of the statute, making it an offense to possess three or more sexually explicit depictions of minors.  His conviction can be upheld only if the government proved that he had three or more or sexually explicit depictions of the young girl.

Villasenor disputes whether two of the four photos found are sexually explicit.  Some of the photos show the girl wearing a t-shirt but nude from the waist down, seated or lying on a bed with her legs slightly separated.  In other photos, she is wearing

---

[7]*See* Pub. L. 105-314, Title II, §§ 202(a), 203(a), Oct. 30, 1998, 112 Stat. 2977, 2978.

panties and a bra in similar reclining or kneeling poses on the bed. Sexually explicit conduct is defined at § 2256(2)(E) to include "lascivious exhibition of the genitals or pubic area of any person." The Historical and Statutory Notes to § 2252 include § 16003 of Pub. L. 103-322, which provide that "(a) Declaration. . . . it is the intent of Congress that – (1) the scope of 'exhibition of the genitals or pubic area' in section 2256(2)(E), in the definition of sexually explicit conduct,' is not limited to nude exhibitions or exhibitions in which the outlines of those areas were discernable through clothing. . ." Whether the girl was wearing panties is therefore not dispositive.

On the question whether the photos depicted the "lascivious exhibition of the genitals or pubic area," the district court instructed the jury using the factors outlined in *United States v. Dost*.[8] This court adopted those factors in *United States v. Rubio*.[9] The factors are:

> (1)  whether the focal point of the visual depiction is of the child's genitalia or pubic area;
>
> (2)  whether the ... visual setting is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

---

[8] 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub. nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987).

[9] 834 F.2d 442, 448 (5th Cir. 1987).

7

(3)	whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;

(4)	whether the child is fully or partially clothed or nude;

(5)	whether the visual depiction suggests sexual coyness or willingness to engage in sexual activity;

(6)	whether the visual depiction is intended or designed to elicit a sexual response in the viewer.[10]

The descriptions of the photos fit within the definition of lascivious exhibition of the genital or pubic area, considering the *Dost* factors. The photos would tend to highlight the pubic area of a 15-year-old girl dressed in leopard skin panties and a black bra or in a t-shirt and nude from the waist down; lying, sitting, or kneeling on a bed. This would be sexually suggestive, highlighting the pubic area in a setting and attire intended to elicit a sexual response in the viewer. The depictions of the girl so dressed and posed would tend to suggest a willingness to engage in sexual activity.

The plain error standard also applies to this claim of error. We are persuaded that there was sufficient evidence to support Villasenor's conviction of possessing three or more prohibited photos. There was evidence that the photos were sexually explicit

_____

[10]*Rubio*, 834 F.2d at 448.

8

as required by the statute and that evidence is not so tenuous as to create a miscarriage of justice.

In sum, Villasenor presents an as-applied challenge to the statute that has been resolved by *United States v. Kallestad*. Under the plain error standard, there was sufficient evidence to prove that he constructively possessed the photos and that the photos were sexually explicit.

AFFIRMED.


Judge Jolly dissenting: I respectfully dissent for the reasons stated in my dissent in *USA v. Kallestad*.