United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50512
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HILL,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-18-ALL
---------------------

Before   DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted David Hill on three counts of distributing of crack cocaine and one count of distributing of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ U.S.C. 841(a)(1), (b)(1)(C) and 860.  The district court sentenced Hill to concurrent 48-month sentences and an aggregate eight-year term of supervised release.  Hill now appeals his conviction and his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hill argues that the district court erred when it denied his motion for a mistrial, which was made after a law enforcement office testified that Hill had stated he was a crack cocaine user. Specifically, Hill argues that the district court failed to hold any sort of hearing on his motion. The record belies Hill's argument. The district court conducted a bench conference on his mistrial motion and stated reasons for its denial. Hill has not shown an abuse of discretion by the district court. See United States v. Layne, 43 F.3d 127, 134 (5th Cir. 1995).

Hill argues that trial counsel rendered ineffective assistance because he failed to: (1) inform Hill that the Government had made a plea bargain offer prior to the commencement of the trial; (2) assert the affirmative defense of entrapment and request a jury instruction thereon; and (3) inform Hill that cooperation with the Government was necessary to the success of a request for a downward departure at sentencing. Because these claims of ineffective assistance of counsel were not raised in the district court, the record is insufficiently developed to consider the merits of the claims on appeal. See United States v. Miller, 406 F.3d 323, 335-36 (5th Cir. 2005).

Hill argues that there was sufficient evidence of entrapment that the district court erred in denying his motions for acquittal or, alternatively, that the Government failed to meet its burden of showing that he was predisposed, able, and likely to commit the instant offenses. The affirmative defense of entrapment was not

asserted by trial counsel either in his motion for acquittal at the close of the Government's case or in his motion for acquittal at the close of all the evidence. Consequently, the district court did not instruct the jury on entrapment, and the burden of proof with respect to an entrapment claim never shifted to the Government. See United States v. Thompson, 130 F.3d 676, 689 (5th Cir. 1997).

Finally, Hill argues that his sentence is unconstitutional in light of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005). Hill did not raise this argument in the district court, and it is reviewed only for plain error. United States v. Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). The district court committed plain or obvious error when it engaged in judicial factfinding that increased Hill's sentence beyond that authorized by the jury's verdict. The district court also committed plain or obvious error when it sentenced Hill under a mandatory sentencing scheme. See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005). Such errors are not reversible, however, because the district court did not give any clue that it would have imposed a different sentence under an advisory sentencing scheme. See id.; Mares, 402 F.3d at 520-22.

AFFIRMED.