# NO. 12-11-00201-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LACHANCE CRUTCHFIELD,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

LaChance Crutchfield appeals his conviction for three counts of engaging in organized criminal activity. Appellant raises four issues on appeal. We affirm.

### BACKGROUND

A Henderson County grand jury indicted Appellant along with Elkon Crutchfield and Keith Washington for the felony offense of engaging in organized criminal activity. The indictment arose from a criminal investigation of activities at the Crutchfields' home. Specifically, investigators observed what they believed to be stolen items at the home and obtained and served three search warrants on the residence. In the course of their investigation, the investigators recovered two ATVs that they later determined were stolen and a trailer containing equipment that had been stolen from a business.

Prior to trial, Appellant filed a motion to suppress evidence. In his motion to suppress, Appellant argued that the warrants failed to describe items subject to search with adequate particularity and that the judges who signed the warrants did not have the authority to do so because they were not attorneys. The trial court denied the motion to suppress following a

hearing.

Appellant pleaded not guilty at trial. All three men were tried together. The jury found Appellant guilty of the three charged instances of engaging in organized criminal activity. Appellant pleaded true to the allegation that he had a prior felony conviction, and the jury assessed punishment at imprisonment for twenty-five years on one count and twenty years each on the remaining two counts. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant argues that the evidence is factually insufficient to show that the ATVs recovered by the police were, in fact, the ATVs stolen from the complaining witness.

**Standard of Review and Applicable Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the

2

State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

As charged in the amended indictment on the charges relevant to this appeal, the State's evidence had to show that Appellant did unlawfully appropriate two ATVs with a value of more than $1,500 and less than $20,000 without the effective consent of the owner and with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2012). Additionally, the State had to prove that Appellant committed the offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on the alleged criminal activity. TEX. PENAL CODE ANN. § 71.02(a)(1) (West Supp. 2012).

## **Analysis**

Appellant challenges the sufficiency[1] of the evidence solely on the issues of whether the State proved that the ATVs recovered from his home were the stolen ATVs and whether there was sufficient evidence as to who owned the ATVs.[2]

The question as to whether the ATVs were the same ATVs has to do with a complication in the State's case. The ATVs that were recovered from the Crutchfield home were almost immediately stolen from the police and were never recovered. However, the complaining witness adequately identified the ATVs. Bridget Long, the complaining witness, provided the investigating officer, Texas Department of Public Safety agent Richard Fulton, with a release of lien form that contained a VIN number for an ATV. That VIN number matched the 1998 ATV that was recovered. The other ATV was a 2004 model. Long did not provide a VIN number, but

---

[1] Appellant invokes factual sufficiency review of the evidence and cites ***Watson v. State***, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006), for the standard of review. The ***Watson*** decision was based on the court's decision in ***Clewis v. State***, 922 S.W.2d 126 (Tex. Crim. App. 1996). In 2010, the court of criminal appeals overruled the ***Watson*** case and held that the legal sufficiency standard articulated in ***Jackson v. Virginia***, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See* ***Brooks v. State***, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Therefore, we will review the evidence under the ***Jackson*** standard. *See*, *e.g.*, ***Harris v. State***, No. 12-10-00388-CR, 2011 Tex. App. LEXIS 9288, at *2-3 (Tex. App.–Tyler Nov. 23, 2011, no pet. ) (mem. op., not designated for publication).

[2] Appellant begins an additional argument by stating that this "is a situation in which, after stripping away the testimony offered by the deputy attempting to link Appellant to the different thefts and the alleged stolen property, the remaining evidence is against the great weight and preponderance of the verdict." The ***Jackson*** standard requires us to consider all of the evidence, and Appellant does not offer a reason that we should ignore the evidence that he suggests should be "strip[ped] away." *See*, *e.g.*, ***Brooks***, 323 S.W.3d at 899.

3

she did provide a photograph that showed an unusual skull insignia on the 2004 model ATV that she said was stolen. Fulton verified that the same skull insignia was on the recovered ATV.

As to the ownership of the ATVs, Long testified that they belonged to her son. Her son was a member of the Air Force, and he was stationed in Afghanistan at the time of trial. She testified that she was the custodian of the property and that she did not permit Appellant or his codefendants to take the ATVs. She also testified, without objection, that her son had told her that he had not given any of his friends permission to ride the ATVs.

Considering the burden of proof, a rational jury could have concluded that the recovered, and subsequently stolen, ATVs belonged to Long and her son. The allegation of her name in the indictment is permissible as she had lawful possession of the items. *See* TEX. CODE CRIM. PROC. ANN. art. 21.08 (West 2009) ("Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either."). In light of the burden of proof, we hold that a rational juror could conclude that Appellant was responsible for the theft of the two ATVs, that the ATVs were adequately identified, and that the State proved ownership or possession of the ATVs. We overrule Appellant's first issue.

## JOINDER OF DEFENDANTS

In his second issue, Appellant argues that the trial court erred in granting the State's motion to try him with Keith Washington and Elkon Crutchfield.

### Applicable Law and Standard of Review

In the discretion of the trial court, two or more defendants may be tried together for the same offense so long as a joint trial is not prejudicial to any defendant or there is not an admissible prior conviction against one of the defendants. *See* TEX. CODE CRIM. PROC. ANN. art. 36.09 (West 2007); *Qualley v. State*, 206 S.W.3d 624, 631 (Tex. Crim. App. 2006). "To establish prejudice, the defendant must show a serious risk that a specific trial right would be compromised by a joint trial, or that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence, and that the problem could not be adequately addressed by lesser curative measures, such as a limiting instruction." *Qualley*, 206 S.W.3d at 636. Severance is mandatory if a defendant would be prejudiced by a joint trial. *See Smith v. State*, 998 S.W.2d 683, 686 (Tex. App.–Corpus Christi 1999, pet. ref'd) (citing *Garza v. State*, 622 S.W.2d 85, 91 (Tex. Crim. App.

4

1980)).

**Analysis**

Before the trial began, Appellant argued that he would be prejudiced by a joint trial because it would confuse the jury and because it would "prejudice the clients because you're going to have two against one or two or all three against each other."   As the trial court pointed out, this could occur every time several people were charged with a joint criminal enterprise.

We agree with the trial court that Appellant failed to show that he would be prejudiced by a joint trial.   The burden is on a defendant to show prejudice.   *See Qualley*, 206 S.W.3d at 636. Mutually exclusive defenses are not necessarily prejudicial, and a defendant must show a "serious risk that a specific trial right would be compromised by a joint trial, or that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence, and that the problem could not be adequately addressed by lesser curative measures, such as a limiting instruction."   *Id*. Appellant failed to make such a showing.   In fact, Appellant failed to present any evidence that a specific trial right would be compromised by a joint trial, or that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. The failure to present evidence in support of the motion is reason enough to sustain the trial court's action.   *See Sanne v. State*, 609 S.W.2d 762, 776 (Tex. Crim. App. 1980); *Davila v. State*, 4 S.W.3d 844, 847 (Tex. App.–Eastland 1999, no pet.) ("It is not an abuse of discretion for the trial court to deny a motion to sever when no evidence is presented to support the motion.") (citing *Ransonette v. State*, 550 S.W.2d 36 (Tex. Crim. App. 1976)).   Because Appellant did not show that a joint trial would compromise his right to a fair trial, we hold that the trial court did not err in overruling his motion to sever.   We overrule Appellant's second issue.

**SEARCH WARRANTS**

In his third and fourth issues, Appellant argues that the trial court erred in overruling his motion to suppress evidence because the search warrants do not describe the items subject to search with adequate particularity and because the judges who signed the warrants were not authorized to do so.

**Background**

During the investigation, Texas Department of Public Safety agent Richard Fulton

observed a truck pull into the Crutchfield residence with a trailer in tow. In the trailer was an ATV and other items. Fulton saw the men at the residence unloading the ATV and other items quickly and in a manner that he thought was suspicious. Shortly thereafter, Fulton obtained the first of three search warrants for the Crutchfield residence. In the affidavit in support of the warrant, he detailed his investigation into stolen property, including the recovery of stolen property at another address in Henderson County. At that other location, he had recovered a stolen car that had mail belonging to Elkon Crutchfield in it and a trailer he believed to be stolen that had a license plate belonging to Elkon Crutchfield on it. In the affidavit, Fulton asked for permission to recover the trailer located at the Crutchfield residence and the ATV. The magistrate signed a warrant authorizing him to search the residence and to bring before the court "the property described in the affidavit, to-wit: A black tandem axle gooseneck dump trailer, unknown make, and other property, vehicles, and vehicle parts stolen during an ongoing scheme of events by Elkon and LaChance Crutchfield."

In the return and inventory on the search warrant, the officer indicated that he seized a Dodge pickup truck, the gooseneck trailer, and two "unidentified blue Yamaha ATV[s]." In the affidavit in support of the second search warrant, Fulton wrote that he observed two power drills at the location when he executed the first search warrant. He determined that those drills were stolen because he observed the name "Jeff Wasson" on one of the drills, and a person with that name had told him that his name was on one of two drills that had been stolen from him in the recent past. Fulton requested permission to recover the drills and "other property stolen during a burglary in Tyler, TX."

The affidavit in support of the third search warrant was written by Kendell Wellman, an investigator with the Henderson County sheriff's office. He requested permission to recover some specific tools as well as "numerous other tools and equipment reported stolen to the Henderson County Sheriff's office by Phoenix fabricators on 03/08/2010, case number C10-12729." A magistrate approved the warrant. Wellman executed the search warrant and recovered a number of items he believed to have been stolen.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total

6

deference to the trial court's determination of historical facts and then review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim App. 2000). Where the trial court does not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's rulings, and assume the trial court made implicit findings of fact supporting its ruling. *Id*. at 327-28.

## Preservation of Issues for Appellate Review

The Texas Court of Criminal Appeals has held that intermediate appellate courts are to "review preservation of error on [their] own motion." *See Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009). This is because preservation of issues for appellate review is a systemic requirement on appeal, and an appellate court should not "address the merits of [an] issue" if it "has not been preserved for appeal." *Id.*; *see also Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010).

A defendant has preserved the issues raised in a pretrial motion to suppress by obtaining a ruling on the motion and need not object when the evidence is introduced at trial. *See Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (citing *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)). However, the affirmative acceptance of this previously challenged evidence waives any error in the admission of that evidence. *See Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); *Lemons*, 135 S.W.3d at 882. Affirmative acceptance can be shown by stating that the party has no objection to the evidence when it is offered. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (any error waived when "appellant affirmatively stated that he had no objections"); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (appellant's response during trial that he had "no objection" waived claim of inadmissibility of challenged evidence that had been subject of suppression hearing).

There is not a tight fit between the evidence recovered during the various search warrants and the evidence offered at trial. Some of the evidence offered at trial was not recovered pursuant to search warrants. For example, the investigating officer made observations from the roadway while he was surveilling the Crutchfield house. And some of the evidence that was recovered was not offered. For example, the second search warrant was granted to recover two yellow Dewalt rechargeable drills and "other property stolen during a burglary." Those items were not

7

recovered, but Fulton wrote in the search warrant return that several plants and a bag of potting soil were recovered. Fulton testified at the pretrial motion to suppress that those items were related to a different investigation. No other rationale was offered for the seizure of the plants and soil, but the State did not seek to admit that evidence at trial.

Appellant stated that he had no objection to most of the photographs of the evidence that was offered. This waives his previous objection. *See Swain*, 181 S.W.3d at 368; *Jones*, 833 S.W.2d at 126. However, Appellant did not say that he had "no objection" to the admission of a photograph of a four wheeler, and so we will consider his pretrial objection, at least as it pertains to that piece of evidence.

**Analysis**

In determining whether a specific warrant meets the particularity requirement, a court must inquire whether an executing officer reading the description in the warrant would reasonably know what items are to be seized. *Porath v. State*, 148 S.W.3d 402, 410 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing *United States v. Layne*, 43 F.3d 127, 132 (5th Cir. 1995)); *see also Uresti v. State*, 98 S.W.3d 321, 337 (Tex. App.–Houston [1st Dist.] 2003, no pet.) ("The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized.") (citing *Winkfield v. State*, 792 S.W.2d 727, 731 (Tex. App.–Corpus Christi 1990, pet. ref'd)).

Police officers may seize incriminating evidence found in "plain view" when executing a warrant. *See Zarychta v. State*, 44 S.W.3d 155, 166-67 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). For the plain view exception to the warrant requirement to attach, two requirements must be met: (1) the officer must be in a proper position to view the item or lawfully be on the premises; and (2) the fact that the officer has discovered evidence must be immediately apparent. *Id*. (citing *Joseph v. State*, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991)); *Sandefer v. State*, Nos. 12-04-00013-CR, 12-04-00014-CR, 12-04-00015-CR, 12-04-00016-CR, 2005 Tex. App. LEXIS 6301, at *24-25 (Tex. App.–Tyler Aug. 10, 2005, no pet.) (mem. op., not designated for publication) (citing *Bower v. State*, 769 S.W.2d 887, 906 (Tex. Crim. App. 1989)).

When items cannot be described more specifically, a more general description will suffice. *See Proctor v. State*, 356 S.W.3d 681, 687-88 (Tex. App.–Eastland 2011, pet. ref'd). The problem in this case is that the items could have been described more specifically. In fact, it

appears that they were described more specifically in the police reports referenced in the affidavits. Those reports, however, were not presented to the magistrate. Nevertheless, based on the reasoning in **Bower**, we hold that the officers were permitted to seize additional evidence of a crime while serving the search warrants. The items they recovered were not mere evidence but were items they believed to be stolen, and they had a lawful right to be where they were when they observed those items. Accordingly, we overrule Appellant's third issue.

Finally, Appellant argues that the magistrates did not have the authority to issue the search warrants used to search his property. All magistrates may issue search warrants, but a magistrate must be an attorney to issue a search warrant for "evidence of an offense or constituting evidence tending to show that a particular person committed an offense." *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(10) (West 2005 & Supp. 2012). A warrant issued pursuant to Article 18.02(10) is broader than a warrant issued simply to collect a piece of stolen property or an illegal drug. *See* TEX. CODE CRIM. PROC. ANN. art. 18.02(1), (7).

Appellant argues that the warrants issued in this case are Article 18.02(10) warrants. Because the magistrates are not attorneys, Appellant asserts that they lacked the authority to issue the warrants. Indeed, the warrants, though not the affidavits, are captioned "Article 18.02(10), Texas Code of Criminal Procedure."

However, the caption of the warrant does not determine what kind of warrant has been issued. When considering a similar case, the Thirteenth Court of Appeals held that the substance of the warrant, not the caption, dictated whether a warrant was evidentiary. *See State v. Acosta*, 99 S.W.3d 301, 305 (Tex. App.–Corpus Christi 2003, pet. ref'd). In *Acosta*, both the search warrant application and the warrant itself were captioned "Article 18.02(10)." *Id*. at 302. Nevertheless, after reviewing the search warrant affidavit and the search warrant itself, the court reversed the trial court's ruling suppressing the evidence, holding that the search warrant was for the recovery of cocaine and a magistrate who was not a licensed attorney could issue a search warrant for illegal drugs. *Id*. at 305.

We agree with the reasoning in the *Acosta* decision. Therefore, we hold that the search warrant in this case was granted pursuant to Article 18.02(1) for the recovery of stolen property and could be lawfully granted by a magistrate not licensed to practice law. The items sought by the police and authorized by the magistrate were items of stolen property, and the magistrate did

not authorize the collection of Article 18.02(10) evidence.   Accordingly, the trial court did not err in overruling Appellant's motion to suppress on the grounds that the magistrates lacked authority to issue warrants. We overrule Appellant's fourth issue.

## DISPOSITION

Having overruled Appellant's four issues, we *affirm* the judgment of the trial court.

### SAM GRIFFITH
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2013**

**NO. 12-11-00201-CR**

**LACHANCE CRUTCHFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 173rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. B-18,186B)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*