UNITED STATES of America,
Plaintiff-Appellee,

v.

Campanella D'ANGELO,
Defendant-Appellant.

No. 86–8852.

United States Court of Appeals,
Eleventh Circuit.

June 22, 1987.

Judy Lancaster, Savannah, Ga., for defendant-appellant.

---

Hinton R. Pierce, U.S. Atty., Kathryn M. Aldridge, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

The primary issue in this appeal is whether the arrest of the appellant and the seizure of the crucial evidence was lawful. Because we find the arrest supported by probable cause and the seizure incident to the lawful arrest, we affirm the district court judgment.

## FACTS

On May 29, 1986, deputies from the Screven County, Georgia, Sheriff's Department executed an arrest warrant issued by Jasper County, South Carolina, and mailed to the Screven County Sheriff's Department. After receipt of the arrest warrant, Deputy Sheriff Charles W. Freeman and other deputies arrested the appellant, Campanella D'Angelo. The warrant was based on a charge of assault and battery of an aggravated nature.

When D'Angelo came to the door in response to the deputies' knock, Freeman noticed a bulge in D'Angelo's clothing which appeared to conceal a weapon. Freeman grabbed D'Angelo, pulled him out of the house, and searched him. The bulge concealed a six-inch barrelled Ruger .357 caliber pistol loaded with teflon-coated bullets.

As D'Angelo was led to a sheriff's car, Freeman went into D'Angelo's house pursuant to the Screven County Sheriff's Department's policy of securing an arrestee's home when no other persons were on the premises. As Freeman walked through the house, he noticed a Colt AR–15 .233 caliber rifle leaning against a door jam. Because he knew D'Angelo was a convicted felon, Freeman seized the rifle.

A grand jury indicted D'Angelo in the Southern District of Georgia on three counts: (1) possession of a firearm, in commerce and affecting commerce, after having been convicted of felony offenses, in violation of Title 18 U.S.C.App. § 1202(a)(1); (2) making a false statement in the acquisition of the Colt AR–15 .233 caliber rifle, in violation of Title 18 U.S.C. §§ 922(a)(6) and 924(a); and (3) unlawful receipt of the Colt rifle, in violation of Title 18 U.S.C. § 922(h)(1) and § 924(a).

After indictment, D'Angelo dismissed his lawyer and personally filed a motion to suppress the Ruger pistol and the Colt AR–15 rifle. The district court granted D'Angelo's motion to suppress with regard to the rifle and all evidence and documents concerning the rifle, but denied the motion to suppress with regard to the Ruger pistol.

A jury found D'Angelo guilty of violating 18 U.S.C.App. § 1202(a)(1), possession of a firearm (pistol) which traveled in interstate commerce following a felony conviction. The district court sentenced D'Angelo to two years imprisonment and a fine of $50.

## ISSUES

D'Angelo raises four issues on appeal: (1) whether the district court erred in denying his motion to suppress the Ruger pistol; (2) whether the district court erred in admitting the South Carolina warrant into evidence; (3) whether the government's evidence was sufficient to satisfy the interstate commerce requirement of 18 U.S.C. App. § 1202(a)(1); and (4) whether the conviction violates the Constitution's prohibition against ex post facto laws.

## DISCUSSION

A. The Motion to Suppress the Pistol

D'Angelo contends that the pistol should have been suppressed as the "fruit" of an unlawful search. He argues that the pistol was not seized incident to a lawful arrest because the arrest warrant, issued in South Carolina, could not be lawfully executed in Georgia. D'Angelo also contends that be-

cause his arrest was unlawful, seizure of the pistol was not justified by any exception to the warrant requirement.

The government contends that D'Angelo's motion to suppress was properly denied, and the pistol was properly admitted into evidence at D'Angelo's trial. It argues that the seizure of the pistol was lawful because the seizure was incident to D'Angelo's lawful arrest. The government further argues that the arrest was lawful because the existence of the South Carolina warrant constituted sufficient probable cause to justify a warrantless arrest under Georgia law.

We agree with the parties that the seizure and admissibility of the pistol depends on the lawfulness of D'Angelo's arrest. Under Georgia law, if probable cause to arrest exists, a warrantless arrest is lawful. *Ledesma v. State*, 251 Ga. 487, 306 S.E.2d 629 (1983); *Durden v. State*, 250 Ga. 325, 297 S.E.2d 237 (1982). In *Ledesma*, Fulton County, Georgia authorities received a teletype message from Missouri authorities stating that Miriam Ledesma was wanted for violation of the Missouri Controlled Substances Act. The message said, "Pick up Miriam Ledesma." The Georgia officers interpreted this message to mean that an arrest warrant had been issued in Missouri. At the time of the message and at the time of Ledesma's arrest, no warrant had been issued in Missouri. The Georgia Supreme Court found that the arresting officers believed a warrant had been issued and that the officers' beliefs were based upon reliable information from Missouri officials. The court held that such information from a reliable source constituted sufficient probable cause to support the arrest. *Ledesma*, 306 S.E.2d at 632.

In this case, it is undisputed that the Screven County sheriff's deputies had a South Carolina warrant with them when they arrested D'Angelo. If the warrant was valid and validly executed, then the arrest based on the warrant is lawful. Even if the warrant is invalid or not properly executed, D'Angelo's arrest may still be upheld as a warrantless arrest under Georgia law.

■  Official Code of Georgia, Sections 17–5–1(a)(1) and (4) provide Georgia's exception to the warrant requirement for searches made incident to a lawful arrest.[1] D'Angelo's arrest was lawful under Georgia law because under *Ledesma*, the South Carolina warrant furnished probable cause for the arrest. If a teletype message is sufficient to supply probable cause, as the Georgia Supreme Court held in *Ledesma*, then a warrant in the possession of Georgia officers from another state is sufficient to supply probable cause. Therefore, the seizure of the Ruger pistol constituted a valid search incident to a lawful arrest. D'Angelo's motion to suppress the Ruger pistol was properly denied, and the pistol was properly admitted into evidence.

**B.  Whether the South Carolina Warrant was Properly Admitted at Trial**

■  D'Angelo contends that, although the document marked at trial as the government's Exhibit 1 was a certified copy of a South Carolina warrant, the government presented no evidence that it was a copy of the warrant which the deputies had at the time of his arrest.

A review of the transcripts from the suppression hearing and the trial reveals that Freeman had a South Carolina warrant at the time of D'Angelo's arrest, and that Freeman was not certain at the time of trial whether the warrant executed was the original, a certified copy, or an uncertified copy. D'Angelo's argument regarding the warrant's certification is without merit for the same reason earlier stated. It does

---

1. Official Code of Georgia, Sections 17–5–1(a)(1) and (4) state:
   (a) When a lawful arrest is effected, a peace officer may reasonably search the person arrested and the area within the person's immediate presence for the purpose of:
   (1) Protecting the officer from attack;

. . . .
   (4) Discovering or seizing any instruments, articles or things which are being used or which have been used in the commission of the crime for which the person has been arrested.

not matter whether the warrant was a certified copy. Whatever its status, under *Ledesma,* it is sufficient to supply probable cause.[2]

### C. Sufficiency of the Evidence

■ D'Angelo contends that the government's evidence was insufficient to support a conviction under 18 U.S.C.App. § 1202(a)(1).[3] He argues that the evidence failed to establish that the pistol had been transported in interstate commerce prior to his acquiring possession of it. He cites *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), arguing that, in order to satisfy the interstate commerce requirement, the government must produce evidence of specific dates on which the pistol was transported.

Reliance on *Scarborough* is misguided. In *Scarborough,* the government produced evidence of specific dates; however, the Supreme Court did not hold that evidence regarding dates of transportation is necessary for a conviction under 18 U.S.C.App. § 1202(a)(1).

The law in this circuit is clear. A convicted felon may be prosecuted under 18 U.S.C.App. § 1202(a)(1) if the firearm found in the felon's possession has previously been transported in interstate commerce. *United States v. Griffin,* 705 F.2d 434 (11th Cir.1983).

We consider the evidence in the light most favorable to the government. *United States v. Sanchez,* 722 F.2d 1501, 1505 (11th Cir.1984). The government offered testimony of Kimberley Pritula, a representative of Sturm Ruger and Company. She testified that she had worked for the company six years and could identify the various gun models on sight. Pritula identified D'Angelo's pistol as a Black Hawk Model .357 caliber, one of Sturm Ruger's revolvers. She further testified that the Black Hawk is manufactured in Southport, Connecticut, and that no Black Hawk pistols have ever been manufactured in Georgia.

The pistol was in D'Angelo's possession when the deputies arrested him in Screven County, Georgia, on May 29, 1986. This evidence is sufficient to establish that the pistol was transported across state lines before D'Angelo possessed it. *United States v. Garrett,* 583 F.2d 1381 (5th Cir. 1978).

### D. Ex Post Facto Laws

■ D'Angelo contends that his conviction is void as a violation of the constitutional prohibition against ex post facto laws. He argues that because 18 U.S.C. App. § 1202(a)(1) was enacted on June 19, 1968, the government must prove that the pistol was transported in interstate commerce and that it came into his possession subsequent to that date.

In *United States v. Garrett,* 583 F.2d 1381 (5th Cir.1978), we decided this issue on facts identical to the facts of D'Angelo's case. We stated that "[a]ppellant's assertion that the government must prove that he came into possession of the firearm after the enactment of 1202(a) must ... fail." *Garrett,* 583 F.2d at 1389. "Proof of either receipt or possession would have

**2.** We need not address whether the warrant was sufficient for extradition purposes from Georgia to South Carolina. This is a federal prosecution for a violation occurring in Georgia.

**3.** Title 18, United States Code, Appendix § 1202(a)(1) provides:
Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, ...
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. In the case of a person who receives, possesses or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

been sufficient to sustain a § 1202(a) offense." *Garrett,* 583 F.2d at 1390. Possession is a continuing offense, and the evidence shows that D'Angelo was in possession of the pistol after the enactment of the statute. Proof of D'Angelo's possession obviated the need for proof of the date D'Angelo received the pistol. Thus, the government did not have to show that he acquired the pistol after 18 U.S.C.App. § 1202(a)(1) became effective. The government proved that D'Angelo had previously been convicted of a felony and that he possessed a firearm which had been transported in interstate commerce.

For the foregoing reasons, we affirm D'Angelo's conviction.

AFFIRMED.