74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Petitioner-Appellee, Cross-Appellant,
v.
Leon Adam WARD, Defendant-Appellant, Cross-Appellee.
 Nos. 95-1109, 95-1178.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1996.
 
 Before: BROWN, BOGGS, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leon Ward appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g), arguing that the government did not prove the authenticity, and thus the requisite interstate nexus, of the firearm involved. The government cross-appeals the trial judge's refusal to enhance Ward's sentence on a related drug offense for possession of a firearm, ruling that the enhancement would constitute impermissible "double-counting." We affirm the convictions but reverse the sentence and remand for resentencing.
 
 
 2
 * The facts that underlie the convictions in this case are straightforward and not in dispute. Mr. Ward was arrested pursuant to a search of his mother's house, where he lived. Prescription vials containing heroin, marijuana, and cocaine base were recovered from Mr. Ward's room. A .22-caliber handgun was taken from Mr. Ward's waistband when he was arrested.
 
 
 3
 Ward was tried on a four-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g), and three counts of possessing controlled substances with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Ward was convicted of the firearm count and the drug count related to cocaine base, but acquitted of the other two drug counts.
 
 
 4
 At trial, the government was required to prove that the handgun found on Ward actually travelled in interstate commerce in order to maintain the felon in possession count. The government offered the testimony of Special Agent Timothy Sullivan of the Bureau of Alcohol, Tobacco, and Firearms (BATF). Special Agent Sullivan is an expert on firearms, and his professional duties include determining the identity and origin, as well the date and place of manufacture, of firearms. Special Agent Sullivan was qualified by the court as an expert on these issues without objection by the defense. At trial, Special Agent Sullivan testified that the handgun in question was a Harrington and Richardson, Model 649, that was manufactured in Gardner, Massachusetts between 1976 and 1986. The firearm had a serial number, as well as the initials "H & R" and "C. Gardener [sic] Massachusetts," stamped on it (J.A. at 143). He testified that this meant it must have crossed state lines to arrive in Michigan.
 
 
 5
 On cross-examination, Ward's defense counsel attempted to establish that the weapon could have been a counterfeit. Special Agent Sullivan testified that he has experience in determining whether a firearm is authentic or counterfeit, and that counterfeit firearms are virtually unheard of. He further testified that a counterfeiter would require expensive machinery to manufacture a firearm such as the one found on Mr. Ward. No other testimony concerning the authenticity of the firearm was offered by either side.
 
 
 6
 The sentencing hearing included argument about whether Ward's sentence should include an enhancement for possession of a firearm. The district court agreed that the two convictions should be grouped together under USSG Sec. 3D1.2, with the result that sentencing was based on the offense with the highest base level. This was the controlled substance offense, having a base level of 26. The government argued that this base level should be enhanced two levels because Mr. Ward possessed a firearm, pursuant to USSG Sec. 2D1.1(b)(1). The defense objected to the conclusion in the pre-sentence report that the handgun was sufficiently related to the drug offense to warrant the enhancement. Rather than make a determination regarding the sufficiency of the nexus between the drugs and gun, the district court concluded that applying the sentencing enhancement would constitute "double counting," and accordingly sentenced Mr. Ward based on offense level 26, without the weapon enhancement, resulting in a 78-month sentence.
 
 
 7
 The defendant filed a timely notice of appeal of his conviction on the felon in possession count, and the government filed a timely notice of appeal of the sentence.
 
 II
 
 8
 Issues related to the sufficiency of the evidence in a criminal matter are reviewed only to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 Although the government had to establish the gun had travelled in interstate commerce, which in this case required that a rational juror could find it to be an authentic Harrington and Richardson, manufactured in Gardner, Massachusetts, the government easily met this test. Special Agent Sullivan's testimony that: (a) he believed that the handgun was a Harrington and Richardson that travelled from Massachusetts; (b) counterfeit handguns are extremely rare; and (c) counterfeiting such a handgun requires expensive machinery, all could lead a reasonable juror to accept the authenticity, and thus the interstate nature, of the weapon. The defense offered no evidence, or even a plausible theory, suggesting that the weapon was a counterfeit.
 
 
 10
 Although the defense points to cases where the government offered testimony from employees of gun manufacturers to establish the interstate nexus of weapons (United States v. Gillard, 847 F.2d 21, 27 (1st Cir.1988); United States v. D'Angelo, 819 F.2d 1062, 1065 (11th Cir.1987)), these cases do not establish that the government must use employees of the manufacturer to prove this point. This court has specifically upheld the proof of interstate nexus by testimony of BATF experts. United States v. Vincent, 20 F.3d 229, 236 (6th Cir.1994). For these reasons, we affirm Ward's conviction for the felon in possession count.
 
 III
 
 11
 We review de novo the application of the sentencing guidelines to particular facts by a district court. United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991). The issue of whether the district court correctly refused the weapon enhancement for the drug offense turns upon whether, if the enhancement were applied, it would constitute improper double counting. Double counting occurs when the defendant's identical conduct is used to increase the defendant's sentence under two different provisions of the Guidelines. We have previously held that "if certain conduct is used to enhance a defendant's sentence under one enhancement provision, the defendant should not be penalized for that same conduct again under a separate provision whether or not the Guidelines expressly prohibit taking the same conduct into consideration under two separate provisions." United States v. Romano, 970 F.2d 164, 167 (6th Cir.1992).
 
 
 12
 The facts in this case, however, reveal that the weapons enhancement urged by the government created no danger of double counting. The district court accepted the parties' recommendation that the felon in possession count and the drug count be "grouped," pursuant to USSG Sec. 3D1.2, because all agreed that they were sufficiently related. As a result of this grouping, the court was required to begin with the offense level from whichever count within the group had the highest offense level, pursuant to USSG Sec. 3D1.3. In this case, the drug count produced the highest offense level, so its level of 26 was chosen as the base level. Up to this point, the government and the district court were in accordance. The court, however, refused to add the two-level enhancement for possession of weapons, agreeing with defense counsel that this would constitute double counting.
 
 
 13
 The concern for double counting on the part of the district court and the defendant is misplaced, because the grouping process removed any additional punishment associated with the weapons charge. Without the weapon enhancement, the fact that Ward was carrying a handgun while dealing drugs would have no bearing on the sentence, once the counts were grouped. With the weapons enhancement, Mr. Ward is punished for dealing drugs (the level 26 base offense) and punished additionally for dealing drugs with a weapon (the two-level enhancement). Nowhere does the weapon possession generate double punishment, as it might have if the counts were not grouped and Mr. Ward were sentenced both for being a felon in possession of a weapon and for dealing drugs with a weapon enhancement. The government cites examples of other situations where grouping and an enhancement do not constitute impermissible double counting. United States v. Hankins, 931 F.2d 1256, (8th Cir.) cert. denied, 502 U.S. 886 (1991) (obstruction of justice enhancement permitted where underlying offense and obstruction of justice count were grouped); United States v. Shaw, 883 F.2d 10 (5th Cir.), cert. denied, 493 U.S. 983 (1989) (two-level enhancement permitted for drug offense despite conviction for firearm offense).
 
 
 14
 The district court's conclusion is also inconsistent with the result in United States v. Barnes, 49 F.3d 1144 (6th Cir.1995) (defendant convicted of drug charge and felon in possession of a weapon, argued that two-level enhancement was impermissible because he was acquitted of using a firearm during a drug offense, and the court affirmed the two-level enhancement without suggestion of a double counting problem). The district court's decision to refuse the weapon enhancement is thus contrary to established law, and must be reversed.
 
 
 15
 In his reply brief, the defendant makes the new argument that the district court, because it agreed with defendant's double-counting argument, failed to make a finding as to whether there was a sufficient relationship between the gun and the drugs to warrant the enhancement. Because the district court's ruling precluded consideration of Ward's objection that the government failed to establish the requisite nexus between the gun and the drugs, the matter should be remanded for further sentencing proceedings, consistent with our conclusion that the weapon enhancement would not constitute double counting. In addition, we note that the trial court may want to consider the relevance, if any, of the recent Supreme Court decision in Bailey v. United States, 116 S.Ct. 501 (1995), concerning the degree of active employment of a weapon needed to establish that the weapon was "used" in the commission of a drug offense in violation of 18 U.S.C. Sec. 924(c)(1).
 
 IV
 
 16
 We therefore AFFIRM Ward's conviction, but REVERSE his sentence and remand to the district court for resentencing consistent with this opinion.