# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1654EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Arkansas. |
| Edward Dashan Smith, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2001

Filed: September 24, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and RILEY, Circuit
   Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Edward Dashan Smith appeals from his jury convictions for distribution of drugs
and possession with intent to distribute drugs. He argues that the District Court[1] erred
in denying (1) his motion to suppress evidence found at his house during execution of
a search warrant, because the information in the warrant affidavit was stale; (2) his

_____

[1]The Hon. Stephen M. Reasoner, United States District Judge for the Eastern
District of Arkansas.

motion for a mistrial based on the government's references to other bad acts; (3) his motion for a mistrial based on the government's allusion in closing argument to his failure to testify; and (4) his motion to sever the possession-with-intent and distribution counts for trial. We affirm.

## I.

On July 2, July 7, and July 8, 1999, a paid confidential informant made drug purchases from Mr. Smith at Mr. Smith's house, under police surveillance. On September 15, 1999, a federal indictment was returned against the defendant charging him with three counts of distribution of cocaine base. On October 5, 1999, state police officers applied for a search warrant of Mr. Smith's house, with a supporting affidavit noting the three July transactions. A state court judge issued the warrant, and, when it was executed the next day, approximately 113 grams of cocaine base, $700 in cash, and documents and receipts in defendant's name were found in a safe in his bedroom. A fourth count was added to the indictment for possession with intent to distribute cocaine base.

Before trial, defendant moved to suppress the seized items on the ground that the affidavit did not establish probable cause because the information relied upon — the sales in July — was stale. Following a hearing, the District Court denied this motion, as well as a motion to sever the possession-with-intent count from the three distribution counts. The jury found Mr. Smith guilty only on the July 8 distribution count and the possession-with-intent count. The jury hung on the other two counts, which the government then dismissed. The defendant was sentenced to concurrent terms of 120 and 135 months in prison.

II.

A.

Defendant first argues that the District Court erred in denying his motion to suppress. He argues that the warrant did not establish probable cause that evidence would be found at his house, because the information in the affidavit regarding drug transactions at the house was approximately three months old. He argues that the State's reliance on United States v. Maxim, 55 F.3d 394 (8th Cir.), cert. denied, 516 U.S. 903 (1995), is misplaced. In Maxim, we held that information four months old, or even three years old, may supply probable cause for a warrant to search the home of someone suspected of illegal possession of a firearm, because possession is a continuing offense, and because firearm enthusiasts tend to keep their weapons for long periods of time. Mr. Smith argues that Maxim is inapposite because it involved a firearm, which is likely to remain in one place, whereas his case involves drugs, which are not.

"[A] warrant is proper so long as the evidence as a whole creates a reasonable probability that the search will lead to the discovery of evidence." United States v. Humphrey, 140 F.3d 762, 764 (8th Cir. 1998). We review de novo the trial court's ruling on a motion to suppress, "evaluating only for clear error, however, any findings of fact by the trial court and giving appropriate deference to the inferences apparently drawn from those facts by law enforcement officers, the court that issued the search warrants, and the trial court." United States v. Hall, 171 F.3d 1133, 1142 (8th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). There is no fixed formula for determining when information has become stale. United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993). The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation. Id. "In investigations of ongoing narcotic operations, 'intervals of weeks or months between the last described act and the application for a warrant [does] not necessarily

make the information stale.' " United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998) (quoted case omitted). Here we find no error in the District Court's denial of the motion to suppress on the ground of staleness. We cannot agree that drugs are significantly more mobile than guns.

Mr. Smith also argues that the warrant was improper because the affidavit stated that the confidential informant was known to the police and had been used in other cases, but, in fact, this was not true. The government does not address this point in its brief. Mr. Smith asked for a mistrial during the government's case when it became apparent that the statement in the affidavit regarding the police officer's past acquaintance with the confidential informant was not true. The Court ruled that the government should proceed with its case and told defense counsel that the point could be raised in a motion for a directed verdict or for judgment of acquittal. Tr. 245-47. The issue was not raised in Mr. Smith's motion for a directed verdict, Tr. 274-76, and the record does not reflect a later motion for judgment of acquittal. In any event, we find no error in the District Court's ruling. The affidavit, which reported the police surveillance of the controlled transactions, was sufficient to provide probable cause even though the confidential informant was not previously known to the police. See United States v. Humphreys, 982 F.2d 254, 259 n.2 (8th Cir. 1992) (even if an affidavit for a search warrant contains knowingly false statements, the warrant is not invalid where the affidavit's remaining content is sufficient to provide probable cause), cert. denied, 510 U.S. 814 (1993); cf. United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001) (probable cause to justify issuing a search warrant existed even if informant cited in the affidavit for the warrant was not previously known to the police, when the informant's disclosures were verified by the police).

B.

Defendant next argues that he should have been granted a mistrial because the government stated in opening argument that he had sold drugs to the confidential

informant's father. The District Court agreed with the government that the motion was untimely, but instructed the jury to disregard that portion of the government's opening statement. We find no ground for reversal here. We also find no merit to the argument that the District Court erred in denying a motion for a mistrial after the confidential informant testified that he asked the police officers to meet him at a certain location to arrange for the second drug transaction with the defendant. A review of the transcript reference in Mr. Smith's brief, Tr. 224, reveals that there was no impermissible mention of other bad acts he was supposed to have committed.

## C.

The District Court also denied a motion for a mistrial made during the government's closing argument. The government told the jury that the testimony of the confidential informant should be believed because he had placed himself at great risk making the controlled buys, and because there was not "a single word of testimony . . . [or] a single exhibit during the course of the trial which would suggest . . . to a reasonable person that he was testifying falsely." Tr. 302-03. The District Court rejected defendant's argument that the statement was an improper comment on his failure to testify.[2]

Even indirect comments on a defendant's failure to testify are error when the prosecutor intended to call attention to the defendant's failure to testify, or the jury would "naturally and necessarily" understand the comments as highlighting the defendant's failure to testify. United States v. Moore, 129 F.3d 989, 993 (8th Cir. 1997), cert. denied, 523 U.S. 1067 (1998). The prosecutor's remarks must be evaluated

---

[2]Mr. Smith called only one witness on his own behalf — one of the police officers involved in the case who had testified for the government — and asked him a few questions about police access codes. Tr. 283-85. Nothing in this witness's testimony could have served to undermine the credibility of the government's confidential informant.

in the context of the argument itself and of the evidence introduced at trial.  Id.  Here, the government's comments on the credibility of the confidential informant did not warrant a mistrial.  The government gave several reasons why the jury should believe this witness, and a jury would not naturally and necessarily understand the comments as calling attention to Mr. Smith's failure to testify.  See id. (the government's comments to the jury that the evidence was "uncontroverted" and "uncontradicted," and that there was "no evidence" exculpating defendant did not rise to the level of calling attention to defendant's failure to testify); United States v. Emmert, 9 F.3d 699, 702-03 (8th Cir. 1993), cert. denied, 513 U.S. 829 (1994) (same as to comments by the government during summation that "there is no evidence," "no testimony," and "no explanation" to counter the government's theory of the case).  We caution the government to be cautious about this kind of argument, but in the present case the argument did not go beyond what our cases have permitted.

D.

Finally, the District Court did not abuse its discretion in denying Mr. Smith's motion to sever for trial the possession-with-intent count from the distribution counts. See United States v. Koskela, 86 F.3d 122, 126 (8th Cir. 1996) (denial of a motion to sever will be reversed only when the defendant shows an abuse of discretion that resulted in "severe prejudice"; severe prejudice occurs when a defendant is deprived of "an appreciable chance" that he would have been acquitted in a severed trial).  Mr. Smith's argument that somehow the failure to sever resulted in the jury's split verdict, to his prejudice, is without merit.  The evidence as to the July 8 distribution count, for which Mr. Smith was convicted, differed from the evidence as to the other two distribution counts.  The police officers who observed the informant enter Mr. Smith's house on each of the three occasions testified that they actually saw defendant enter his house at the relevant time only with regard to the July 8 drug sale.  There was sufficient evidence to support the jury verdict on the two counts of conviction.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.