[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2007
THOMAS K. KAHN
CLERK

No. 07-12201
Non-Argument Calendar
_____

D. C. Docket No. 05-00004-CR-3-LAC-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY MICHAEL RICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 19, 2007)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Gregory Michael Rice appeals his conviction for possessing a

firearm while being a convicted felon, 18 U.S.C. § 922(g)(1). Rice argues that the district court correctly accepted that a justification defense could be based on a threat to a third party and properly concluded that he had satisfied the first and second prongs of the defense as laid out in *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). As to the third and fourth prongs of the jurisdiction defense, Rice claims that the court erred by implicitly finding that he had to present sufficient evidence to prove the defense, when at that stage he only had to present "some basis" for it. Rice further argues that he had no reasonable legal alternative to immediately possessing the gun, and argues that the court erred by focusing on the subsequent possession and the fact that he pawned the gun. Finally, he contends that the court erred when it concluded that there was no direct causal connection between pawning the gun and the threatened harm. Accordingly, he concludes that the district court erred by granting the government's motion *in limine*.

We review *de novo* a district court's ruling on the sufficiency of a defendant's proffer of a justification defense. *United States v. Dicks*, 338 F.3d 1256, 1257 (11th Cir. 2003). "In order to have the defense [of justification] submitted to a jury, a defendant must first produce or proffer evidence sufficient to prove the essential elements of the defense." *United States v. Montgomery*, 772

2

F.2d 733, 736 (11th Cir. 1985).

To establish a defense of justification with regard to a charge under 18 U.S.C. § 922(g)(1), a defendant must show the following "extraordinary circumstances":

> (1) that *the defendant* was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had *no reasonable legal alternative to violating the law*; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Deleveaux*, 205 F.3d at 1297 (emphasis added).

As to the first prong, although we have noted that "the threat of immediate, serious harm . . . directed *at a third person*" can support the defense of duress, *United States v. Blanco*, 754 F.2d 940, 943 (11th Cir. 1985) (emphasis added), and although we have implicitly agreed with other Courts of Appeals that the justification, duress, and necessity defenses are similar, *Deleveaux*, 205 F.3d at 1296 n.2, we have never held in a published opinion that a threat to a third person can support a justification defense.

Regarding the third prong, the Supreme Court has commented that "if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defense[] will fail."

3

*United States v. Bailey*, 444 U.S. 394, 410, 100 S. Ct. 624, 635, (1980) (quotation marks omitted).

Knowing possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1) "can be demonstrated by proof of 'either actual or constructive' possession," and constructive possession is established by showing "ownership, dominion, or control over the firearm." *United States v. Glover*, 431 F.3d 744, 748 (11th Cir. 2005) (internal quotations omitted). Illegal possession of a firearm by a convicted felon is a continuing offense. *See United States v. D'Angelo*, 819 F.2d 1062, 1066 (11th Cir. 1987) (reviewing conviction under 18 U.S.C.App. § 1201(a)(1)).

Even assuming, *arguendo*, that a threat to a third person can satisfy *Develeaux's* first prong, that Rice did not place himself in the circumstances of this case negligently or recklessly, and that Rice had no reasonable legal alternative to "snatching" the gun away from his fiancee when he first found her with it, because the offense continued as his possession continued, and because Rice has failed to prove that he had no reasonable legal alternative to continuing to possess the gun, *see Bailey*, 444 U.S. at 412, 100 S. Ct. at 635 ("in order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as

4

his initial departure"), we conclude that the district court did not err when it granted the government's motion *in limine* and barred Rice from asserting a defense of justification. Accordingly, we affirm the district court's order granting the government's motion *in limine*.

**AFFIRMED.**