In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-2928

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH BERNDT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 06 CR 101—**Robert L. Miller, Jr.**, *Chief Judge.*

_____

ARGUED FEBRUARY 13, 2008—DECIDED JUNE 19, 2008

_____

Before CUDAHY, POSNER and EVANS, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Joseph Berndt lived in the basement of his parents' South Bend, Indiana home for over 30 years. In 2006, his parents decided to sell their home and, in June of that year, Berndt left South Bend and went to live in South Dakota. When the family began to clean up the house in early August to get it ready for sale, they made an unsettling discovery. It seems that Berndt was something of a pack rat. But in addition to the usual accumulations of old clothes, tools and junk, Berndt's nest included a substantial arsenal of deadly weapons: nine pipe bombs wrapped with roofing nails,

62 firearms and thousands of rounds of ammunition, to be specific. The area around the weapons had been rigged with alarms and motion detectors. Understandably alarmed at their discovery, family members called the police, and local and federal law enforcement agents removed the pipe bombs from the house. After Berndt returned to South Bend at the end of August, federal agents arrested him.

Berndt was indicted for possession of unregistered pipe bombs in violation of 26 U.S.C. §§ 5845, 5861(d) and 5871 in September 2006. Section 5861(d) provides: "It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . . ." A pipe bomb is a "firearm" under Title 26. *See* 26 U.S.C. § 5845. Berndt filed a motion to dismiss the indictment, alleging that the five-year statute of limitations in 18 U.S.C. § 3282 barred his prosecution. He asserted that he came to possess the bombs 30 years prior to their discovery by police, and that his crime of possession of unregistered firearms was completed when he took possession of the pipe bombs and failed to register them. On this reasoning, the statute of limitations lapsed 25 years prior to his indictment. The district court denied his motion and a jury convicted Berndt after a two-day trial. On August 7, 2007, Berndt was sentenced to 51 months imprisonment and three years supervised release.

Berndt raises three issues in this appeal. First, Berndt argues that the district court erred in denying his motion

to dismiss on statute of limitations grounds.[1] The district court concluded that possession of pipe bombs is a continuing offense and thus, it was irrelevant whether Berndt came to possess the bombs in 1976, 1986 or 2006. The statute of limitations did not begin to run until Berndt stopped possessing the bombs in the summer of 2006 and because he was indicted in September 2006, the statute of limitations did not bar his prosecution.

On appeal, Berndt contends that possession of unregistered pipe bombs is not a continuing offense. This argument is without merit. A crime is a "continuing offense" for statute of limitations purposes when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970). Our precedent makes clear that possession is a continuing offense. *See United States v. Fleischli*, 305 F.3d 643, 658 (7th Cir. 2002) ("Possession of a firearm is a continuing offense which ceases only when the possession stops.") (superseded by statute on other grounds); *United States v. Winnie*, 97 F.3d 975, 976 (7th Cir. 1996) (statute of limitations did not begin to run until defendant no longer possessed contraband); *United States v. Ballentine*, 4 F.3d 504, 507 (7th Cir. 1993). This view is shared by our sister circuits, *see, e.g., United States v. Zidell*, 323 F.3d 412, 422

---

[1] At oral argument, Berndt conceded that he cited the wrong statute of limitations before the district court. The statute of limitations for possession of an unregistered firearm, an offense arising under the internal revenue laws, is three years. 26 U.S.C. § 6531.

(6th Cir. 2003); *United States v. Smith*, 266 F.3d 902, 904 (8th Cir. 2001); *United States v. Blizzard*, 27 F.3d 100, 102 (4th Cir. 1994); *United States v. D'Angelo*, 819 F.2d 1062, 1066 (11th Cir. 1987), and accords with common sense. Everyday experience tells us that we possess things until we lose them, abandon them or they are taken from us.

It makes no difference that the statute under which Berndt was prosecuted does not expressly state that possession of unregistered firearms is a continuing offense. The very nature of possession of pipe bombs is "such that Congress must assuredly have intended that it be treated as a continuing [offense]." *Toussie*, 397 U.S. at 115, 90 S. Ct. 858. Each day that Berndt continued to possess the bombs brought a "renewed threat of the substantive evil Congress sought to prevent." *Id*. at 122, 90 S. Ct. 858. That Berndt may have made the bombs or otherwise acquired them in 1976 is irrelevant. He possessed them until law enforcement authorities seized them from his parents' home and he was indicted just weeks after he stopped possessing the bombs, well within the limitations period. Adopting Berndt's position that possession is not a continuing offense would enable criminals to keep dangerous and illegal things—guns, drugs, bombs—if they are able to conceal them for the statutory limitations period. This result is an obvious absurdity.

Berndt seeks to escape the result dictated by our precedent by arguing that his case is like *Toussie*. The defendant in *Toussie* had failed to register for the draft within five days of his eighteenth birthday in violation of federal law. He argued that his crime was completed when he failed to register in 1959 and that the five-year statute of limitations barred his prosecution in 1967. The Su-

preme Court agreed. Berndt's case is obviously distin-
guishable. Berndt was not charged with failure to register
pipe bombs; rather, he was charged with the possession
of unregistered pipe bombs.

In his second challenge to his conviction, Berndt
argues that the district court committed reversible error
when it refused to tender his proposed instruction on
the statute of limitations defense. In reviewing jury in-
structions, we "must determine from looking at the
charge as a whole, whether the jury was misled in any
way and whether it had understanding of the issues and
its duty to determine those issues." *United States v.
Fawley*, 137 F.3d 458, 467 (7th Cir. 1998) (quoting *United
States v. Abdelkoui*, 19 F.3d 1178, 1182 (7th Cir. 1994)). A
defendant is entitled to a jury instruction on his theory
of the case if:

> (1) the instruction represents an accurate statement of
> the law; (2) the instruction reflects a theory that is
> supported by the evidence; (3) the instruction reflects
> a theory which is not already part of the charge; and
> (4) the failure to include the instruction would deny
> the [defendant] a fair trial.

*United States v. Hendricks*, 319 F.3d 993, 1006 (7th Cir. 2003)
(quoting *United States v. Swanquist*, 161 F.3d 1064, 1075
(7th Cir. 1998)) (alteration in original). Berndt contends that
he was entitled to argue to the jury that the statute of
limitations barred his prosecution. But Berndt was charged
with possessing pipe bombs in 2006. Since the jury had
to conclude that he possessed the pipe bombs that
were seized by law enforcement agents in August 2006
in order to find him guilty, there is no statute of limita-
tions issue. Berndt was not entitled to argue that his
crime was completed in 1976 when he made or acquired

the bombs because that is an inaccurate statement of the law. Thus, the district court properly refused to tender Berndt's proposed instruction.

Finally, Berndt argues that he was unfairly prejudiced when the government played a DVD to the jury that showed his living quarters in the basement of his parents' home where the pipe bombs were discovered. Berndt's objection arises from the fact that the DVD footage includes images of Nazi memorabilia that was in the basement. He asserts that the jury may have inferred that he is a member of a hate group, and that this impression may have biased them against him in their deliberations. Berndt objected to the DVD's introduction at trial and so our review is for abuse of discretion. *United States v. Wiszowaty*, 506 F.3d 537, 540 (7th Cir. 2007). A district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; *United States v. Smith*, 502 F.3d 680, 686 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1270 (2008).

The district court's decision to admit the DVD into evidence was well within its discretion. The video footage was probative because it was taken hours after Berndt's family discovered the pipe bombs and showed where the devices were found. The DVD also showed the various alarms and motion detectors that had been rigged around the basement. The risk of unfair prejudice was slight. The jury knew that Berndt had a collection of World War II memorabilia; the government stated as much in its opening statement and defense counsel elicited testimony from a witness that American and German World War II paraphernalia were found in the basement. The potentially objectionable objects comprised a black

and white photograph of Hitler, a couple of boxes containing miscellaneous badges that are unlikely to be identifiable to a person viewing them for a few seconds, and a box containing several books with Nazi images and symbols on their covers. The objectionable images appeared for a very brief period of time and posed a negligible risk of unfairly prejudicing Berndt.

For the above reasons, we AFFIRM the judgment of the district court.