# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1404

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Gragg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: August 22, 2014
Filed: August 27, 2014
[Unpublished]

_____

Before BENTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenneth Charles Gragg conditionally pled guilty to two counts of possession of methamphetamine with intent to distribute, in violation 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). He appeals, arguing the district

court[1] should have suppressed evidence from a search of his home, which included 12.36 grams of actual (pure) meth and a 20-gauge shotgun. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Gragg contends the warrant to search his home was not supported by probable cause because the supporting information was both unreliable and stale. This court reviews de novo the issue of probable cause, giving "great deference to the issuing judge's determination that [an] affidavit established probable cause." *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009). This court's "duty on appeal 'is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.'" *United States v. Montes-Medina*, 570 F.3d 1052, 1059 (8th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)). "A warrant is supported by probable cause if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched." *United States v. Seidel*, 677 F.3d 334, 337 (8th Cir. 2012). "The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." *Id.* (quoting *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1982)).

The affidavit included a substantial basis to find probable cause to search Gragg's home. A confidential informant told police in 2005 that Gragg dealt meth and marijuana. While looking for a federal fugitive in 2006, police searched Gragg's home and seized a glass pipe, marijuana, packaging materials, and firearms including an AK-47. He associated with a known drug dealer from a nearby, larger city in

---

[1]The Honorable Linda R. Reade, Chief Judge for the United States District Court of the Northern District of Iowa, adopting the report and recommendation of the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge for the Northern District of Iowa. *See* No. 13-CR-59-LRR., 2013WL 5937349 (N.D. Iowa Oct. 23, 2013), *adopting* No. CR13-0059, 2013WL 5503663 (N.D. Iowa Oct 1, 2013).

2012. Finally, in November 2012, an inmate contacted police about cooperating in return for leniency on her probation violation. She told them she had purchased over $35,000 of meth from Gragg between 2006 and 2012, about one gram a day. Before then, police had observed her vehicle parked outside of Gragg's residence. She eventually agreed to make two controlled buys from Gragg, which took place on November 28, 2012, and December 4, 2012.

The defendant claims this information was unreliable because it came from an informant seeking leniency. This court has "repeatedly rejected any blanket conclusion that an informant's drug use, pending charges, or cooperation is so suspect that is necessarily vitiates probable cause." *United States v. Ketzeback*, 358 F.3d 987, 991 (8th Cir. 2004). The informant's undercover purchases of meth corroborated her statements about Gragg's long-term sales. Combined with law enforcement's prior contacts with Gragg, this information was sufficiently reliable to provide a substantial basis for probable cause to search his home.

Gragg also objects to the staleness of the information because police did not search his home until 42 days after the last controlled buy. "It is axiomatic that probable cause must exist at the time of the search and not merely at some earlier time." *United States v. Kennedy*, 427 F.3d 1136, 1141 (8th Cir. 2005). "There is no fixed formula for determining when information has become stale." *Id.* (quoting *United States v. Smith*, 266 F.3d 902, 904 (8th Cir. 2001) (finding probable cause existed where controlled buys took place approximately three months before a warrant was issued)). "Where suspected criminal activity is continuing in nature and the property is not likely to be destroyed or dissipated, the passage of time may be less significant." *Id.* at 1142. Police believed Gragg had been distributing meth for over six years. They had no reason to believe he stopped in the 42 days between the controlled buy and the search of his residence. *See United States v. Gibson*, 123 F.3d 1121, 1125 (8th Cir. 1997) (finding a search warrant was not stale because "although there was no evidence . . . of a large scale drug operation, the police had information

available to them indicating on-going drug activity . . . The district court concluded that the confidential informant's statements about drug trafficking activity at the apartment . . . were sufficiently indicative of continuing drug dealing"). The district court properly concluded there was a fair probability that meth would be found at Gragg's residence despite the delay. *See United States v. Carnahan*, 684 F.3d 732, 736 (8th Cir. 2012) ("Moreover, '[i]n investigations of ongoing narcotics operations, intervals of weeks or months between the last described act and the application for a warrant does not necessarily make the information stale.'") (quoting *United States v. Jeanetta*, 533 F.3d 651, 655 (8th Cir. 2008)).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____