# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1637

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Anthony Salsberry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 14, 2019
Filed: June 11, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

PER CURIAM.

Joseph Salsberry was charged with drug and gun crimes after police officers found him, a stash of methamphetamine, and a firearm in a hotel room rented by a suspected drug dealer. He moved to suppress the evidence found in the search on

the theory that the warrant lacked probable cause. The district court[1] denied his motion, and we affirm.

The events of this case began with another man, Lucas Harper. A confidential informant told Detective Daniel Smithson that Harper was distributing methamphetamine near Branson, Missouri. While pursuing this lead, Smithson discovered that Harper was on parole after serving time in prison for drug and firearm possession. Soon thereafter, Smithson received a second tip from the informant, who said that Harper had recently moved out of his apartment but was "continu[ing] to distribute drugs in the Branson area."

Just days later, the manager of a Branson hotel informed Smithson that a room rented to Harper contained a glass pipe, FoodSaver bags, and a vacuum-sealing machine. The manager then sent photographs of these items, along with the paperwork he had collected at check-in, including a copy of Harper's driver's license, to Smithson.

Smithson acted quickly. He first contacted Harper's probation officer, who told him that Harper had recently tested positive for marijuana and methamphetamine. He then applied for a warrant to search the hotel room. Along with the application, Smithson submitted an affidavit that included all of the information he had learned during the investigation, including from his conversations with the informant, the hotel manager, and Harper's probation officer. The affidavit also explained that the glass pipe visible in the photographs was of a type "commonly used for methamphetamine" and that the bags were "commonly used to packag[e] controlled substances for sale."

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

After a state judge approved the warrant, police officers searched Harper's hotel room. Instead of finding Harper upon their arrival, the officers found Salsberry, a loaded handgun, FoodSaver bags, a digital scale, and over 100 grams of methamphetamine.

Once the district court denied Salsberry's motion to suppress this evidence, he pleaded guilty to possessing a firearm in furtherance of drug trafficking and to conspiring to distribute methamphetamine. *See* 18 U.S.C. § 924(c); 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. On appeal, his sole argument is that Smithson's affidavit did not establish probable cause for the search warrant. Our review is de novo, but we "accord[] great deference to the issuing judge's [probable cause] determination."[2] *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (internal quotation marks and citation omitted).

We have no trouble concluding that Smithson's affidavit "describe[d] circumstances showing a fair probability that contraband or evidence of a crime w[ould] be found in" the hotel room. *Id.* (citation omitted). The room was registered to Harper, a known drug user who had recently tested positive for drugs. An informant had twice told Smithson that Harper was selling drugs in the area. And hotel staff had just discovered items associated with the use and distribution of drugs in the room Smithson was seeking permission to search. Under these circumstances, there was at least "a fair probability" that officers would find drugs in Harper's room. *Id.* (citation omitted).

---

[2]Like the district court, we assume, but do not decide, that Salsberry may challenge the search, even though he was not a registered guest, because he had a "reasonable expectation of privacy in the room." *United States v. Williams*, 521 F.3d 902, 906 (8th Cir. 2008).

The information in the affidavit was not, as Salsberry argues, stale. After all, hotel staff found drug paraphernalia in Harper's room *on the same day* Smithson submitted the affidavit and executed the warrant. And none of the other information in the affidavit was more than two months old. *See United States v. Smith*, 266 F.3d 902, 904–05 (8th Cir. 2001) (explaining that even weeks- or months-old information is "not necessarily . . . stale" in the context "of ongoing narcotic operations" (citation omitted)).

Nor are we persuaded by Salsberry's argument that the informant's tips were too unreliable. Information from a confidential informant can establish probable cause if it is "corroborated by independent evidence." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993). Here, the photographed items in Harper's room provided good reason to think that the informant was telling the truth.

We accordingly affirm the judgment of the district court.

_____