**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4891**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN BRANDON GRAY-SOMMERVILLE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00107-RJC-1)

———————

Submitted: June 12, 2015        Decided: July 15, 2015

———————

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Asheville, North Carolina, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Brandon Gray-Sommerville (Gray-Sommerville) appeals his conviction following a jury trial on one count of sex trafficking a minor child in violation of 18 U.S.C. § 1591(a). The district court sentenced Gray-Sommerville to 225 months' imprisonment. On appeal, Gray-Sommerville seeks vacature of his criminal judgment on numerous grounds. Finding no error, we affirm.

I.

Gray-Sommerville first challenges the sufficiency of the evidence to support his conviction on the single count of sex trafficking a minor child in violation of 18 U.S.C. § 1591(a). Because Gray-Sommerville failed to renew his Federal Rule of Criminal Procedure 29 motion for judgment of acquittal after he introduced evidence in his own defense and because the district court did not reserve ruling on such motion at the close of the government's case-in-chief, we review only for plain error. See United States v. Whal, 290 F.3d 370, 373-75 (D.C. Cir. 2002) (failure to renew motion for judgment of acquittal at close of all evidence did not waive sufficiency of evidence challenge where district court reserved decision on motion for judgment of acquittal made at close of government's case-in-chief until after case submitted to jury); United States v. Villasenor, 236

F.3d 220, 222 (5th Cir. 2000) ("[The defendant] moved for a judgment of acquittal at the close of the government's case, but he did not renew the motion at the close of the evidence. As a result, his claims based on the sufficiency of the evidence are reviewable for plain error only."). See also Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). To establish plain error, Gray-Sommerville must initially establish: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if he establishes each of these three prongs of plain error review, before we may exercise our discretion to correct the error, we must be convinced that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted) (alteration in original).

Gray-Sommerville cannot even get past the first prong of plain error review—i.e. establishing error. With respect to the elements of a § 1591(a)(1) offense as alleged in Gray-Sommerville's indictment, the district court instructed the jury as follows:

> For you to find the defendant guilty of this crime you must find beyond a reasonable doubt:

One, that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means the person named in the indictment, that is I.P.

Two, that the defendant did so knowing or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

And three, that the defendant's act was in or affected interstate or foreign commerce.

(J.A. 568-69). Notably, Gray-Sommerville does not challenge on appeal the correctness of this jury instruction regarding the elements of his charged § 1591(a)(1) offense.

The district court did not err in failing to sua sponte grant Gray-Sommerville judgment of acquittal at the close of all evidence in his trial "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Moreover, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted) (alteration in original).

Gray-Sommerville acknowledges his participation in the recruitment, transportation, harboring, maintaining, obtaining, and enticement of I.P. to engage in a commercial sex act, but challenges as insufficient the evidence to support the jury's finding that: (1) he knew or acted in reckless disregard of the fact that I.P. was less than eighteen years old; or (2) his conduct was in or affecting commerce. We have thoroughly reviewed the record and conclude substantial evidence supports the jury's findings on both of these elements. With respect to whether Gray-Sommerville knew or acted in reckless disregard of the fact that I.P. was less than eighteen years old, the jury heard the testimony of Gray-Sommerville's then current girlfriend, Araminta Brace (Brace). Brace testified that she and Gray-Sommerville met I.P. for the first time when they picked her up from her high school in Morganton, North Carolina in a vehicle driven by Gray-Sommerville. Brace, who was sitting in the passenger seat, asked I.P., who was sitting in the backseat behind Gray-Sommerville, "'Sweetie, how old are you?'" (J.A. 353). I.P. responded: "'If I tell you he won't want me.'" Id. "[Brace then] said, 'Sweetie, it doesn't matter what he wants. I just need to know how old you are.'" Id. I.P. responded, "'Okay. I'm 16.'" Id. Gray-Sommerville then said: "'Damn, she's 16. Should we turn around?'" (J.A. 354). When Brace responded in the affirmative, Gray-Sommerville said:

"'Nah, that's a waste of my gas.'" Id. And so Gray-Sommerville just kept traveling by vehicle toward Charlotte, North Carolina. This testimony by Brace is alone sufficient to support the jury's finding that Gray-Sommerville knew or acted in reckless disregard of the fact that I.P. was less than eighteen years old. See United States v. Baker, 985 F.2d 1248, 1255 (4th Cir. 1993) ("The law is well settled in this circuit that the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction."). Nonetheless, the jury also heard the testimony of Detective Michael Sardelis of the Charlotte-Mecklenburg Police Department that Gray-Sommerville confessed to him that he knew I.P. was under the age of eighteen when he arrived in Charlotte and took her to a hotel room prior to prostituting her. In sum, sufficient evidence supports the first element challenged by Gray-Sommerville. Next, with respect to the interstate commerce element, the government's evidence that Gray-Sommerville advertised I.P. on the Internet website www.Backpage.com is sufficient to satisfy this element. United States v. Barlow, 568 F.3d 215, 220 (5th Cir. 2009) ("[I]t is beyond debate that the Internet and email are facilities or means of interstate commerce."). Accordingly, Gray-Sommerville is not eligible for appellate relief from his conviction for the sex trafficking of a minor child in violation of 18 U.S.C. § 1591(a) on plain error review.

Gray-Sommerville next challenges his conviction on the basis that his due process rights under the Fifth Amendment to the United States Constitution and his right to confront all witnesses against him under the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated by the combination of the government's announcement that it would call I.P. to testify during its case-in-chief, his reasonable reliance on such announcement, and then the government's failure to do so. Relatedly, Gray-Sommerville further contends, relying on Crawford v. Washington, 541 U.S. 36 (2004), that the government's failure to call I.P. to testify during its case-in-chief violated his Sixth Amendment right to confront all witnesses against him. Because Gray-Sommerville failed to raise these arguments below, we review for plain error under Olano, 507 U.S. at 732.

With respect to the government's failure to call I.P. to testify during its case-in-chief after allegedly announcing its intention to do so, Gray-Sommerville cannot get past the first prong of plain error review—i.e. he cannot establish the district court erred. Id. Critically, the record flatly belies Gray-Sommerville's contention that the government announced to him and the district court that it would call I.P. to testify during its case-in-chief. Indeed, the record is clear that on

- 7 -

the morning of the start of trial, the government represented to Gray-Sommerville and the district court outside the presence of the jury that the government "may or may not call the victim." (J.A. 179). The record is not in conflict on this point.

Moreover, Gray-Sommerville cannot establish the first prong of plain error review with respect to his contention, relying on Crawford, 541 U.S. at 36, that the government's failure to call I.P. to testify during its case-in-chief violated his Sixth Amendment right to confront all witnesses against him. Gray-Sommerville did not suffer a Crawford error as he contends. In Crawford, the Supreme Court made clear the Sixth Amendment's Confrontation Clause prohibits the introduction of out-of-court testimonial evidence used for establishing the truth of the matter asserted unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination of such witness. Id. at 59 n.9, 68. Fatal to Gray-Sommerville's contention is his failure to identify any statement by I.P. heard by the jury which was testimonial and/or was offered for the truth of the matter asserted. Moreover, our review of the record discloses none. Accordingly, Gray-Sommerville is entitled to no appellate relief with respect to his asserted Crawford error.

Gray-Sommerville next argues the district court abused its discretion by admitting, over his objection, other act evidence that he advertised and transported a prostitute, whom he learned was a minor, just three months prior to meeting I.P. According to Gray-Sommerville, such evidence was only admitted to show he had bad character, and thus, must be guilty of his charged offense. See Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Gray-Sommerville's argument is without merit. We review the district court's challenged evidentiary ruling for abuse of discretion. United States v. Basham, 561 F.3d 302, 325-26 (4th Cir. 2009).

Immediately prior to the admission of the challenged evidence, which the government introduced through the testimony of two law-enforcement officers, the district court instructed the jury that it was "about to hear evidence presented from the government concerning alleged acts of the defendant which may be similar to the act charged in the indictment but which was committed on a different occasion." (J.A. 411). The district court then instructed the jury that it could consider such evidence "only for the limited purposes" of "determin[ing]

- 9 -

whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; whether he acted according to a plan or in preparation for the commission of a crime; and whether the defendant acted intentionally and not by mistake or accident." (J.A. 412).

Gray-Sommerville concedes that the challenged evidence was relevant to the issue of his intent to commit the crime of child sex trafficking, i.e., relevant to the issue of his mental state, and thus satisfies the test for relevancy under Federal Rule of Evidence 401 and qualifies as a legitimate reason for admission under Federal Rule of Evidence 404(b)(2). He nonetheless contends that the challenged evidence was inadmissible because his intent was not at issue in his trial.

Gray-Sommerville's contention is without merit. The mens rea component of the § 1591(a) offense charged in Gray-Sommerville's indictment required the government to prove beyond a reasonable doubt that Gray-Sommerville took the actions alleged in the indictment with respect to I.P. knowingly or in reckless disregard of the fact that I.P. had not attained the age of eighteen. As the district court instructed the jury without objection by Gray-Sommerville, the word "'knowingly' as that term . . . has been used in these instructions means that the act was done voluntarily and intentionally, not because of mistake or accident." (J.A. 569). Because Gray-Sommerville's

intent was squarely at issue in his trial, the challenged evidence was admissible under Federal Rule of Evidence 404(b) to prove Gray-Sommerville acted intentionally with respect to the acts alleged in his indictment and not because of mistake or accident. See Fed. R. Evid. 404(b)(2) (evidence may be admissible to prove, inter alia, intent, absence of mistake, or lack of accident).

This brings us to Gray-Sommerville's argument that even if the challenged evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice, and therefore, excludable under Federal Rule of Evidence 403. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."). In response to this same argument by Gray-Sommerville below, the district court held the other act evidence involving Gray-Sommerville advertising and transporting another minor for prostitution just three months prior to the charged instant offense "is highly probative on the issue of the mental state of the defendant," and is not substantially outweighed by the danger of unfair prejudice. (J.A. 408). After reviewing the record, we find the challenged evidence was no more sensational or disturbing than the charged offense, and therefore, did not unfairly prejudice Gray-Sommerville. See United States v. Boyd, 53 F.3d 631, 637

- 11 -

(4th Cir. 1995) (holding Rule 403 balancing test undeniably weighed in favor of admitting challenged evidence because challenged evidence did not involve conduct any more sensational or disturbing than defendant's charged offenses).

In sum, the district court did not abuse its discretion in admitting the challenged evidence.

IV.

In conclusion, we affirm the judgment below <u>in toto</u>.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] We grant Gray-Sommerville's motion to file a <u>pro se</u> supplemental brief. We have considered the issues raised in such brief and find them to be without merit.