**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4259**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAYQUAN PHILLIPS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:18-cr-00624-JMC-1)

Submitted:  December 17, 2020                    Decided:  December 23, 2020

Before KEENAN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Peter M. McCoy, Jr., United States Attorney, Elliott B. Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Dayquan Phillips of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e); possessing with intent to distribute and distributing cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (D); and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court imposed an aggregate sentence of 186 months' imprisonment. On appeal, Phillips contends that the district court erred in denying his Fed. R. Crim. P. 29 motion, arguing that his possession of the firearms was not in furtherance of a drug trafficking crime because they were purchased by a confidential informant working on behalf of law enforcement.

Typically, "[w]e review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

2

However, as the Government observed, Phillips failed to renew his Rule 29 motion after introducing evidence, and the district court did not reserve ruling on the motion Phillips made at the close of the Government's case. Thus, Phillips' sufficiency challenge is reviewable only for plain error. *See United States v. Coontz*, 810 F. App'x 201, 205 (4th Cir. 2020) (No. 19-4167); *United States v. Gray-Sommerville*, 618 F. App'x 165, 167 (4th Cir. 2015) (No. 14-4891); *United States v. Davis*, 690 F.3d 330, 336-37 & n.6 (5th Cir. 2012).

To succeed on plain error review, Phillips "must show (1) that the [district] court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) (internal quotation marks omitted). If Phillips meets this burden, "we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We conclude that Phillips has not met this burden. Phillips concedes that the evidence was sufficient to establish he carried a firearm in relation to a drug trafficking crime in light of our decision in *United States v. Lipford*, 203 F.3d 259, 267-68 (4th Cir. 2000). We agree, and conclude that, under *Lipford*, there is sufficient evidence to conclude that Phillips carried a firearm in relation to a drug trafficking crime because he sold the firearms and cocaine together in a package deal. While Phillips attempts to evade *Lipford* by arguing that the district court did not instruct the jury on the "in relation to" prong of § 924(c), we disagree. *See United States v. Blankenship*, 846 F.3d 663, 670-71 (4th Cir.

3

2017) (explaining that, in reviewing a challenge to the jury instructions, "we do not view a single instruction in isolation," but instead "consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*